LYDIA A. GAGE, Respondent, v. THE VILLAGE OF HORNELLS-VILLE, Appellant.

The provision of the Code of Civil Procedure (§ 3245), prohibiting the allowance of costs to the plaintiff in an action against a municipal corporation in which the complaint demands a judgment for money only, unless the claim was before the commencement of the action presented for payment to the chief fiscal officer of the corporation, does not apply to an action for the recovery of damages for injuries caused by the negligence of the servants of the corporation.

*It seems* that the chief fiscal officer of a village is its treasurer, not its board of trustees.

*Baine* v. *City of Rochester* (85 N. Y. 523) distinguished.

(Argued June 21, 1887 ; decided July 1, 1887.)

THIS was an appeal from order of General Term affirming an order of Special Term denying a motion for a retaxation of costs.

The action was brought to recover damages for personal injuries alleged to have been caused by defendant's negligence in omitting to keep a sidewalk on one of its streets in repair. Plaintiff recovered a judgment. Defendant objected to the allowance and taxation of costs on the ground that the claim was not presented before the commencement of the action to the village treasurer. Plaintiff proved the presentation of the claim to the board of trustees.

The following is the *mem.* of opinion.

" We held that cases for the recovery of damages for injuries sustained by reason of the negligence of the servants of a municipal corporation were not within the purview of section 2 of chapter 262 of the Laws of 1859. (*Taylor* v. *City of Cohoes*, 105 N. Y. 54.) The provisions of that section were substantially embodied in section 3245 of the Code. There is no such change in the language of the latter section as requires or will permit us to change our decision and construe it differently from the former section. We simply decided, in *Baine* v. *City of Rochester* (85 N. Y. 523), that under section 3245 a claim against a municipal corporation arising *ex contractu* must have been presented to its chief fiscal officer before the commencement of the action in order to entitle the plaintiff to costs, and thus actions *ex delicto* against municipal

corporations are left to stand as to costs upon the prior decisions.

"We do not agree that a claim against this municipality could, under the section of the Code, be presented to its board of trustees. The chief fiscal officer of such a corporation is the officer who receives, keeps and disburses the moneys of the corporation, and such an officer is the treasurer.

"The order should be affirmed with costs."

*J. W. Near* for appellant.

*George N. Orcutt* for respondent.

*Per Curiam mem.* for affirmance.
All concur.
Order affirmed.

---

I. TOWNSEND BURDEN, Respondent, *v.* JAMES A. BURDEN et al., Appellants.

(Argued June 21, 1887; decided July 1, 1887.)

*Esek Cowen* and *R. A. Parmenter* for appellants.

*E. Countryman* and *H. A. King* for respondent.

Agree to dismiss appeal; no opinion.
All concur, except RAPALLO, J., not voting.
Appeal dismissed.

---

In the Matter of the Laying out and Opening of HAWTHORNE AVENUE, IN THE CITY OF YONKERS.

(Argued June 22, 1887; decided July 1, 1887.)

*James B. Ludlow* for appellants.

*Joseph F. Daly* for respondents.

Agree to affirm; no opinion.
All concur.
Order affirmed.