### CAVAN *v.* CITY OF BROOKLYN.

*(City Court of Brooklyn, Special Term.    June 11, 1888.)*

MUNICIPAL CORPORATIONS—ADJUSTMENT BY COMPTROLLER—ACTIONS FOR TORT.

Laws N. Y. 1886, c. 563, §§ 1, 2, which provide that claims against the city of Brooklyn must be presented in detail, verified by the claimant, to the comptroller of said city for adjustment, and that unless so presented an action thereon cannot be maintained, do not apply to actions for torts.

On demurrer to complaint.

CLEMENT, C. J.    The complaint in this action sets forth a cause of action against the city for damages for negligence, except that it does not appear on the face thereof that the claim on which the action is founded was presented to the comptroller for adjustment at least 30 days before the commencement of the action, and the city demurs for that reason.    Chapter 563 of the Laws of 1886 is entitled "An act in relation to claims against the city of Brooklyn," and reads as follows: "Section 1. No action or special proceeding shall be prosecuted or maintained against the city of Brooklyn, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the claim or claims upon which said action or special proceeding is founded, were presented in detail, and duly verified, by such claimant or claimants, to the comptroller of said city for adjustment; and that he has neglected or refused to make any adjustment or payment thereof for thirty days after said presentment.    Sec. 2. The comptroller may require any person presenting for a settlement an account or claim against the city of Brooklyn to 'be sworn before him touching such account or claim, and, after being so sworn, to answer orally as to any facts relative to the justness of such account or claim.    Willful false swearing before him is perjury, and punishable as such."

The counsel for plaintiff contends that the statute has no application to actions founded in tort, and does apply only to claims arising on contract; and the counsel for the defendant argues that a compliance with the statute is necessary in order to maintain an action against the city, whether the claim is in tort or on contract. ·  After a careful examination of numerous authorities, I am satisfied that the act has no application to cases like the one now under review.    The defendant relies upon the authority of *Reining* v. *City of Buffalo,* 102 N. Y. 308, 6 N. E. Rep. 792; and the head-note of the case and the opinion would seem to sustain his position.    But a reference to the charter of the city of Buffalo (section 7, tit. 3, c. 519, Laws 1870) immediately shows that the question involved in this case was not before the court, and the opinions in the case of *Reining* v. *City of Buffalo, supra,* and in the case of *Gage* v. *Village of Hornellsville,* 106 N. Y. 667, 12 N. E. Rep. 817, are not in conflict, as was suggested on the argument.    The case of *Nagel* v. *City of Buffalo,* 34 Hun, 1, shows the true construction of the charter of that city, and the distinction between the charter provision of Buffalo and the statute now under consideration.    If we now turn to the case of *Gage* v. *Village of Hornellsville,* 106 N. Y. 667, 12 N. E. Rep. 817, we find that the court of appeals there held that section 3245 of the Code is to be construed as

a re-enactment of section 2, c. 262, Laws .1859, and that the latter section had no application to actions for the recovery of damages for negligence. Such section reads as follows: "Sec. 2. No costs, fees, disbursements, or allowance shall be recovered or inserted in. any judgment against municipal corporations, unless the claim upon which such judgment is founded shall have been presented for payment to the chief fiscal officer of said corporation before the commencement of an action thereon." There are a long line of authorities in the courts holding that the word "claim," in the above statute, did not refer to case for damages for negligence. In *Taylor* v. *City of Cohoes*, 105 N. Y. 54, 11 N. E. Rep. 282, the court say: "Under that section of the law, this court substantially held that cases for the recovery of damages for injuries sustained by reason of the negligence of the servant of a municipal corporation were not within the purview. *McClure* v. *Supervisors*, 3 Abb. Dec. 83; *Howell* v. *City of Buffalo*, 15 N. Y. 512; *McGaffin* v. *City of Cohoes*, 74 N. Y 387. All of these cases did not arise under the act of 1859, but the principle decided by them is as stated." In order to ascertain the principle decided it is proper to refer to the case of *McClure* v. *Supervisors*, 3 Abb. Dec. 83, where the plaintiff sued the county of Niagara to recover damages for property destroyed by a mob, and Judge DAVIES holds as follows: "The provisions in the act of 1859 were clearly intended to protect municipal corporations from the payment of costs for demands which in their nature were capable of audit, and which the authorities were authorized to pay on presentation and adjustment. I am of opinion, on the foregoing authorities, that the word ' claims,' in the act in question, only referred to claims arising on contract; and this construction is borne out by the words of the second section, ' account or claim.' " The case of *Quinlan* v. *City of Utica*, 11 Hun, 217, 221, affirmed in court of appeals, (74 N. Y. 603,) seems directly in point. Judge SMITH, in construing the words "all claims and accounts" in the charter of the city of Utica, says: "The term ' accounts ' is applicable to matters of contract and not of tort; and, according to the maxim, '*noscitur a sociis*,' the word ' claim,' thus used, has the like meaning." By reference to the charter of this city, (title 4,) it appears that the comptroller had no power to adjust or pay the demand of the plaintiff in this action, and I can see no reason why the act should be construed to mean all demands, whether on contract or in tort, in view of the fact that the courts have repeatedly held that the word "claim" in a city charter, or in the act of 1859, simply referred to a contract debt. The demurrer must be overruled, with costs, with leave to defendant to answer in the usual terms.