WILLIAM HARRIGAN, Respondent, *v.* THE CITY OF BROOKLYN, Appellant.

*N. Y. Supreme Court, Second Department, General Term, May,* 13, 1889.

*City of Brooklyn. Presentation of claims.*—Section 30 of title 22 of chap. 583, Laws of 1888, applies to cases where the claim arises out of contract, and not to claims arising out of torts.

Action to recover damages for personal injuries alleged to have been caused by defendant's negligence. The defendant demurred to the complaint on the ground that the complaint contained no allegation that plaintiff had before bringing suit, presented his claim to the city comptroller, as required by chapter 583, Laws of 1888. The court overruled the demurrer, and from the interlocutory judgment entered thereon the defendant appeals.

*Albert F. Jenks* and *William T. Gilbert*, for appellant.

*James C. Church*, for respondent.

PRATT, J.—This contention involves the construction of section 30, title 22, chapter 583, of the Laws of 1888. There has been a similar provision in the charter of Brooklyn for many years, and it has been invariably held that the word " claim " referred to some account, or money demand, or contract, and not to claims arising out of torts, for the reason that the comptroller had no power to compromise or pay such claims, and, hence, an idle ceremony to present such claims to that officer.

The words of the statute are sufficiently broad to cover the case here presented, but seem to be qualified by the latter part of said section, where the words " account or claim " against the city are used synonymously, and this, together with the context, seems to imply that the statute was intended for a case where claim arises out of contract, and one where some useful purpose could be served, by serving the same upon the comptroller.

The case of Quinlan *v.* City of Utica (11 Hun, 217 ; affirmed by court of appeals; 74 N. Y. 603), is directly in point upon this question.

The case of Reining *v.* Buffalo(102 N. Y. 308 ; 2 N.Y. State Rep. 10), is not conclusive the other way upon this point, as it is upon a widely different statute, to wit, the charter of the city of Buffalo. It is plain that the case of Gage *v.* Village of Hornellsville (106 N. Y. 667) ; 8 N. Y. State Rep. 885), upon a careful reading, is not in conflict with the Reining Case, as in the former case, it was held that section 3245 of the Code is construed as a re-enactment of section 2, chapter 262, of Laws of 1859, etc. See, also, McClure *v.* Supervisors of Niagara (3 Abb. Ct. App. Dec., 83 ; Howell City of Buffalo, I5 N. Y. 512 ; McGaffin *v.* City of Cohoes, 74 id. 387.

This word " claims or account," as used in charter of Brooklyn, has always been held by the local judges not to include a claim arising out of torts. It was recently so held by Mr. Justice CULLEN, also by city court opinion by Chief Justice CLEMEN, in case of Corbin *v.* City of Brooklyn, where all the authorities are examined with great care.

I am aware there are authorities that seen to hold a different doctrine, such as Duryea *v.* Mayor (26 Hun, 134), and Reed *v.* Mayor (31 Hun, 312). In the latter case, the word " claim " was held to mean all kinds of claims, including one for personal injuries; but both of these cases arose under the consolidation act of the city of New York, and under that act the comptroller has certain discretionary powers in such matters not conferred on the comptroller of Brooklyn. A reason for such a rule exists in New York city which does not exist in Brooklyn.

This construction has been uniformly held for a number of years, and the last part of the section (30) seems to imply that such is a proper construction.

Judgment affirmed with **costs.**

DYKMAN, J., concurs.

BARNARD, P. J. (dissenting).—The decisions are, apparently, conflicting, but *I* think the demurrer good. The section of the charter of the defendant is in these words : " No action or special proceeding shall be prosecuted or maintained against the city of Brooklyn, unless it shall appear by and as an allegation in the complaint or necessary moving papers, that at least thirty days have elapsed since the claim or claims, upon which said action or special proceeding is founded, were presented in detail and duly verified by such claimant or claimants, to the comptroller of said city, for adjustment, and that he has neglected or refused to make any adjustment or payment thereof, for thirty days after

said presentment. The comptroller may require any person presenting for settlement, an account or claim against the city of Brooklyn, to be sworn before him, touching such account or claim, and after being so sworn, to answer orally as to any facts relative to the justness of such account or claim. Willful false swearing before him is perjury, and punishable as such." Chapter 583, Laws of 1888, title 22. sec. 30, page 1109, Laws of 1888.

In the absence of authority the case should be deemed plain. The most comprehensive words known to the law are claims and demands. These words would make the most comprehensive expression known. One term includes the other; and without any doubt, would include claims for negligence, as well as claims for breach of contract. That the statute should include actions for negligence is apparent. The city should know when, where, and from what cause the injury happened, and the extent and nature of the injuries. These facts are generally in whole or in great part within the sole knowledge of the plaintiff or claimant.

The inquiry authorized by the comptroller would be of the utmost importance to the defendant in determining the validity of the claim. That the comptroller had not the power of audit of a claim for injuries resulting from negligence of the city, is not important. Baine v. The City of Rochester, 85 N. Y. 523.

A class of cases arose under chapter 262, Laws of 1859. This law provided that no costs should be received " unless the claim upon which judgment was founded shall have been presented for payment to the chief fiscal officer of municipal corporation. The court of appeals hold that this law did not include claims for torts. Howell v. The City of Buffalo, 15 N. Y. 512 ; McGaffin v. City of Cohoes, 74 id., 378. Howell v. The City of Buffalo was decided upon the charter of the city of Buffalo, and holding that under its peculiar wording it was not intended to include torts. The

decision was made before the act of 1859 was passed. Mc-Gaffin *v.* The City of Cohoes, decided, merely, that these words in the city charter " that no action against the city on the contract, obligation or liability, expressed or implied shall be commenced, except within one year after the cause of action shall have accrued," did * * * bar a claim for a tort. That the words were limited to contract obligations. The court of appeals decided that the law of 1859 did not include claims for negligence. Taylor *v.* The City of Cohoes, 105 N. Y. 54.

The same court held that section 3245 of the Code, which is substantially the same as the law of 1859 did not include torts. Gage *v.* The Village of Hornellsville, 106 N. Y. 667; 8 N. Y. State Rep. 885.

Words similar to those in question have been held to include contracts and torts. In Reining *v.* The City of Buffalo (102 N. Y. 308; 2 N. Y. State Rep. 10), the words were " no action to recover or enforce any claim against the city shall be brought until the expiration of forty days after the claim shall be presented to the common council." It was held that these words included torts. The charter in fact, however, did clearly intend that the claim for torts should be presented.

The case of Reed *v.* The Mayor (97 N. Y. 620), decided that when a claim for damages was presented under somewhat similar words to those in the Brooklyn charter, it did not bind the claimant to the amount of his claim as presented, and was not so essential but that the court might amend the pleadings so as to enlarge the claim. The words of the Brooklyn charter seemed to be more camprehensive than were presented in the cases on which adjudications have been made. The word claims is carried unrestricted through the section, and there is nothing to lead to a restriction of its meaning. No action can be maintained unless the details of the claim upon which it is founded, are presented to the comptroller in detail and verified for ad-

justment, and the adjustment, or payment thereof neglected or refused for thirty days after the presentation.

This statute requires a presentation of a claim for injuries resulting from negligence, and it requires that it be stated in the complaint. The complaint fails in this respect and the demurrer should, therefore, be sustained.

Judgment of special term reversed, and demurrer sustained, with leave to plaintiff to amend in twenty days, on payment of costs.