*Woodruff*, 92 U. S. 502; *Koshkonong* v. *Burton*, 104 U. S. 668; *Pana* v. *Bowler*, 107 U. S. 529, 2 Sup. Ct. Rep. 704; *Scotland Co.* v. *Hill*, 132 U. S. 117, 10 Sup. Ct. Rep. 26; *Rich* v. *Seneca Falls*, 19 Blatchf. 558, 8 Fed. Rep. 852; *Fauntleroy* v. *Hannibal*, 5 Dill. 219; *Huey* v. *Macon Co.*, 35 Fed. Rep. 481; *Harper* v. *Ely*, 70 Ill. 581; *Humphreys* v. *Morton*, 100 Ill. 592; *Jeffersonville* v. *Patterson*, 26 Ind. 15; *Forstall* v. *Association*, 34 La. Ann. 770; *Virginia* v. *Canal Co.*, 32 Md. 501; *Welsh* v. *Railroad Co.*, 25 Minn. 314; *McLendon* v. *Anson Co.*, 71 N. C. 38; *Railway Co.* v. *Adams*, 54 Pa. St. 94; *Langston* v. *Railway Co.*, 2 S. C. 248; *Nashville* v. *Bank*, 1 Baxt. 402; *San Antonio* v. *Lane*, 32 Tex. 405; *Arents* v. *Com.*, 18 Grat. 776; *Gibert* v. *Railroad Co.*, 33 Grat. 598; *Mills* v. *Jefferson*, 20 Wis. 50. These cases seem to hold that doctrine which is directly opposed to the opinion of the presiding justice in the case before us. I am of the opinion that the judgments in that respect were right, and should be affirmed.

---

### STANTON *v.* TOWN OF TAYLOR.

*(Supreme Court, General Term, Fourth Department. April, 1892.)*

1. TOWNS—"CHIEF FISCAL OFFICER"—SUPERVISOR.
   The supervisor of a town, where there is no town treasurer, is the proper person to whom to present claims for interest accruing on town bonds, under Code Civil Proc. § 3245, which requires presentment "for payment to the chief fiscal officer."

2. INTEREST—ALLOWANCE ON INTEREST COUPONS.
   Interest coupons bear interest from the maturity of the coupons. HARDIN, P. J., dissenting.

3. COSTS—OBJECTIONS NOT RAISED AT TRIAL.
   When no objection to the allowance of costs was specifically presented at the trial, and no motion was made to strike them from the judgment, the objection cannot be raised on an appeal.

Appeal from district court, Cortland county.

Action by Charles H. Stanton against the town of Taylor on coupons representing interest payable on bonds issued by defendant in aid of the construction of the Utica, Chenango & Cortland Railroad Company to recover damages, with compound interest, for refusal to pay the same. From a judgment entered for plaintiff on a decision of the court, a jury having been waived, defendant appeals. Affirmed.

Argued before HARDIN, P. J , and MARTIN and MERWIN, JJ.

*B. A. Benedict,* for appellant. *H. D. Newton* and *Edward B. Thomas,* for respondent.

HARDIN, P. J. Similar questions are presented by this appeal to those brought before us in *Beattys* v. *Town of Solon,* 19 N. Y. Supp. 37. Our views are expressed in the opinion prepared in that case, and are applicable to the questions in this case.

The appellant insists in this case that the plaintiff was not entitled to costs, inasmuch as the defendant is a municipal corporation, and suggests that the claim upon which the action is founded was not presented "for payment to the chief fiscal officer," and calls our attention to section 3245, Code Civil Proc. In *Gage* v. *Village of Hornellsville,* 106 N. Y. 667, 12 N. E. Rep. 817, the court, in considering the claim made against a municipality, said: "The chief fiscal officer of such a corporation is the officer who receives, keeps, and disburses the moneys of the corporation, and such an officer is the treasurer." Applying that principle to the case in hand, inasmuch as the town has no treasurer, the presentation of the claim to the supervisor of the town is a compliance with the provision of the section of the Code. In the complaint it is alleged "that, on or about the year 1878, the defendant and its officers refused and neglected to make payment upon the coupons then becoming due, and have from that time and ever since refused, and still re-

fuse, to pay the coupons as they accrue due, and that the coupons representing the interest upon such bonds, from and after the year 1878, have not been paid;" and in the thirty-fourth finding of fact it is stated "that in 1878 the said town of Taylor refused to pay the interest upon the bonds so issued by its commissioners, and since such refusal no commissioner, supervisor, or collector, or any other officer of the said town, has taken any action towards raising any funds to pay the interest or principal upon said bonds, and no funds have been raised by said town since 1877 for that purpose." No proof was given upon the trial tending to show that claims made payable had not been presented to the town. On the contrary, the course of the trial seems to indicate that it was assumed that the claims had been presented, and the town had refused to pay the same. The question now made does not appear to have been specifically presented at the trial, nor does it appear that any motion has been made to strike the costs from the judgment. Under these circumstances, we are inclined to think the objection to the recovery of the costs is unavailing, and comes too late. In accordance with my views expressed in the opinion delivered in *Beattys* v. *Town of Solon*, I think the interest should be eliminated from the judgment. However, the majority of the court are of the opinion that interest was properly allowed; hence the judgment will be affirmed, with costs. All concur.