### COX v. CITY OF NEW YORK.

(Supreme Court, Special Term, Queens County. October, 1898.)

1. SPECIAL PROCEEDINGS AGAINST CITY OF NEW YORK.
Section 261 of the charter construed.

2. CONSTITUTIONAL LAW—PROTECTION OF NAVIGATION.
Chapter 469 of the Laws of 1898, entitled "An act to protect navigation in certain tide waters within the state of New York," *held* to be constitutional.

3. CITY OF NEW YORK—DIVERSION OF WATER—PRESENTATION OF CLAIM.
An order to show cause in each one of the five matters entitled as above was granted by Mr. Justice Walter Lloyd Smith, on August 1, 1898, upon affidavits requiring the defendant to show cause "why an injunction should not issue out of this court, restraining the city of New York from diverting the fresh water, or a portion thereof, from the stream or streams above, which would otherwise flow into the tide-water creek or estuary in the said town of Hempstead, Queens county, known as [here follows the name of the creek in each case], until the said creek shall have been put in proper condition as to depth and width, as provided for in chapter 469 of

the Laws of 1898, to wit, a depth of at least three feet at low-water mark, from its mouth to the head of tide water, for the full, natural width of the said creek." One of the objections taken was that the claims should have been presented to the comptroller before the proceeding was commenced. *Held*, that the objection was well taken.

(Syllabus by the Court.)

Applications of Smith Cox, as supervisor of the town of Hempstead, Queens county, for injunctions against the city of New York for diverting the water of five certain fresh-water streams. Motions denied.

Wallace & Smith (George Wallace and F. H. Van Vechten, of counsel), for petitioner.

John Whalen, Corp. Counsel, and George Hill, Asst. Corp. Counsel, for respondent.

JOHNSON, J. These proceedings are taken under the provisions of a law passed at the last session of the legislature "to protect navigation in certain tide waters in the state of New York." Laws 1898, c. 469. The act, in effect, imposes a new obligation on all cities and villages which, in obtaining their water supply, divert the waters of fresh-water streams flowing into any tide-water creek or estuary, which before was navigable for vessels of 20 or more tons burden. As applied to the city of New York, the duty which the act imposes is to so dredge or deepen, to the depth of three feet, all such creeks or estuaries which were formerly fed or supplied from fresh-water streams which the city had diverted to its own use; and the remedy which the act provides for failure to so dredge or deepen is that the courts shall enjoin the city from continuing to divert or use the water of such fresh-water streams. While the act obviously affects large and important interests, it is nevertheless an act clearly remedial, and which should be liberally construed to effect its declared and obvious purpose,—to protect navigation in such creeks or estuaries. It is contended that all such rights of navigation were acquired by the Nassau Water Company by condemnation, and have passed to the city of New York, and that an act which attempts to revive or restore such rights is unconstitutional. I do not think that view is correct. The right of navigation is a public right, belonging not to towns, villages, or cities as corporations, but rather to all citizens in severalty. Any citizen of Hempstead has a right to free navigation on the Hudson river; and so, too, any citizen of Albany county, equally with the citizens of Hempstead, has a right of navigation in and through all the navigable bays, estuaries, and creeks in the town of Hempstead. All that this law requires is a restoration of such a right of navigation where it has been impaired; and that is so obviously just, so clearly within the power and duty of government, that an act so providing, and placing the burden on the community from which came the loss, must be sustained. The importance of the act, and of the questions which have been raised and argued before me, have seemed to me to render it proper that I should not dispose of this matter without considering the questions which will necessarily arise whenever, and in whatever form, the matter may be again presented.

But the preliminary objection taken by the city of New York seems to preclude me from making any final order in the matter. The charter of the city contains the following provision:

"Sec. 261. No action or special proceeding for any cause whatever shall be prosecuted or maintained against the city of New York, unless it shall appear by and as an allegation in the complaint or necessary moving papers that at least thirty days have elapsed since the demand, claim or claims upon which such action or special proceeding is founded were presented to the comptroller of said city for adjustment, and that he has neglected or refused to make an adjustment or payment thereof for thirty days after such presentment."

Though this proceeding did not come before me until September, it was initiated in August, and the objection as to the 30-days notice necessarily stands as of that date, and I think applies to this case. Besides, it cannot be for the advantage of either party to have a proceeding of this importance go on, subject to an objection which can be so easily met and taken out of the case, if further proceedings are necessary.

Motion denied, without costs, with leave to renew.