WILLIAM J. AHRENS, Respondent, v. THE CITY OF ROCHESTER, Appellant.

*Negligence — flooding of private property from a city sewer — liability of the city of Rochester therefor — all damages should be recovered in one suit — a written claim for the damages need not be presented to the city.*

The complaint, in an action brought against the city of Rochester by an owner of property abutting on Clifford street in that city, alleged that in or about the year 1882 the city built a sewer through Clifford and other streets for the purpose of draining waste water and sewage from residences located within the described area; "that since the year 1882 a large amount of additional territory has been drained by the defendant into the sewer so constructed in Clifford street by means of tributary sewers built by the defendant. That such original sewer was so constructed through a portion of Clifford street that it had substantially no grade or fall, and by reason of that fact and of its small size, has never been of sufficient capacity to carry away the water and sewage which the defendant drained into it. That by reason of the facts stated, and whenever there has been a heavy rainfall during the past six years and more, water and sewage has been forced back through the lateral or house sewers along Clifford street into the cellars and houses and upon the premises of residents, and has so been forced into the cellar and house and upon the premises" of the plaintiff, to his injury.

The complaint further alleged that the city had, during the past six years or more, had repeated notice of the conditions described, and that the injury to plaintiff's property was liable to be repeated and continuous, but was remediable by a change of the plan of the sewer or by the adoption of prudential measures.

*Held,* that the complaint stated a good cause of action within the principle adopted and applied in *Seifert* v. *City of Brooklyn* (101 N. Y. 136);

That the damages, to wit, depreciation of rental value, were continuous and that a recovery might be had for all damages sustained up to the time of the commencement of the action;

That it was not optional with the plaintiff to split up his claim and to bring separate actions therefor;

That the plaintiff's claim was not within the provision of section 461 of the charter for second class cities, which requires that all claims against the city for damages or injuries to person or property alleged to have been caused by the misfeasance or negligence of the city, or any of its officers or employees shall be presented in writing to the common council within three months after the happening of the accident or injury out of which the claims arose.

APPEAL by the defendant, The City of Rochester, from an interlocutory judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Monroe on the

2d day of May, 1904, upon the decision of the court, rendered after a trial at the Monroe Special Term, overruling the defendant's demurrer to the plaintiff's complaint.

*William W. Webb*, for the appellant.

*George A. Carnahan*, for the respondent.

Interlocutory judgment affirmed, with costs, on opinion of NASH, J., delivered at Special Term.

All concurred.

The following is the opinion of NASH, J., delivered at Special Term:

NASH, J.:

The allegations of the complaint bring the case of the plaintiff within the principle adopted and applied in *Seifert* v. *City of Brooklyn* (101 N. Y. 136).

The complaint here alleges that in or about the year 1882 the city built a sewer through Clifford and other streets for the purpose of draining waste water and sewage from residences located within the described area; " that since the year 1882 a large amount of additional territory has been drained by the defendant into the sewer so constructed in Clifford street by means of tributary sewers built by the defendant. That such original sewer was so constructed through a portion of Clifford street that it had substantially no grade or fall, and by reason of that fact and of its small size, has never been of sufficient capacity to carry away the water and sewage which the defendant drained into it. That by reason of the facts stated, and whenever there has been a heavy rainfall during the past six years and more, water and sewage have been forced back through the lateral or house sewers along Clifford street into the cellars and houses and upon the premises of residents, and has so been forced into the cellar and house and upon the premises " of the plaintiff, to his injury.

The complaint further alleges that the city has, during the past six years or more, had repeated notice of the conditions described, and that the injury to plaintiff's property is liable to be repeated

and continuous, but is remediable by a change of the plan of the sewer or by the adoption of prudential measures.

The plaintiff's case rests upon a state of facts similar to that which was before the court in *Seifert* v. *City of Brooklyn.*

There the commissioners of sewage of the city of Brooklyn established a drainage district, not theretofore drained, over the lands of the plaintiff. The main sewer was built, and subsequently various lateral sewers. Soon after the completion of the main sewer actual use demonstrated that it was insufficient to carry off the sewage turned into it, and at times this was forced through the manholes and inundated plaintiff's premises, inflicting serious injury.

Here the allegations of the complaint are that, after the construction of the sewer built for the purpose of draining the sewage from the residences within a certain area, a large additional territory has been drained into the original sewer by means of tributary sewers, resulting in serious injury to the plaintiff's premises.

In the *Seifert* case it was held that the inundation of the plaintiff's premises constituted a trespass for which the city was liable. The principles upon which the case there as well as here is distinguished from cases where the " immunity of a municipal corporation from liability for damages occasioned to those for whose benefit an improvement is instituted by reason of the insufficiency of the plan adopted to wholly relieve their wants, or on account of a neglect of the municipality to exercise its power in making desired improvements and other like circumstances," are fully discussed and the distinguishing features are clearly shown in the opinion.

The complaint here also alleges that the injury to the plaintiff's premises is remediable by a change of plan or the adoption of prudential measures.

In the *Seifert* case the opinion states : " We are also of the opinion that the exercise of a judicial or discretionary power, by a municipal corporation, which results in a direct and physical injury to the property of an individual, and which from its nature is liable to be repeated and continuous, but is remediable by a change of plan or the adoption of prudential measures, renders the corporation liable for such damages as occur in consequence of its continuance of the original cause after notice, and an omission to adopt such remedial measures as experience has shown to be necessary."

In either aspect of the case, under the decision of the Court of Appeals in the *Seifert* case, the complaint is sufficient.

The damages, depreciation of rental value, are continuous, and a recovery may be had for all damages sustained to the time of the commencement of the action. It is not optional for the plaintiff to split up his claim and bring separate actions. (*Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 N. Y. 98, 123.)

The claim of the plaintiff is not within the provision of section 461 of the charter of second class cities (Laws of 1898, chap. 182, as amd. by Laws of 1899, chap. 581) known as the "White Charter," which requires that all claims against the city for damages or injuries to person or property alleged to have been caused by the misfeasance or negligence of the city, or any of its officers or employees, shall be presented in writing to the common council within three months after the happening of the accident or injury out of which the claims arose. (*Sammons* v. *City of Gloversville*, 175 N. Y. 346, 350.)