GEROW v. VILLAGE OF LIBERTY.

(Supreme Court, Appellate Division, Third Department. June 29, 1905.)

1. NUISANCE—SUIT IN EQUITY—DAMAGES ACCRUING TO TIME OF TRIAL—RECOVERY.

It is competent for the court, in a suit in equity to restrain the continuance of a nuisance and for damages, to award damages accruing down to the time of the trial.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Nuisance, § 121.]

2. SAME—EVIDENCE—INSTRUCTIONS.

Where, in an action for a nuisance, plaintiff did not seek damages resulting from physical discomfort or sickness suffered by himself and family, a request to charge that plaintiff could not recover on account of such matters was properly refused.

**3. SAME—INJURY TO PROPERTY—MEASURE OF DAMAGES.**

The measure of damages for injury to real estate occasioned by a nuisance is the difference between the rental value of the property prior to and after the erection of the nuisance.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Nuisance, §§ 118, 119.]

**4. MUNICIPAL CORPORATIONS—CLAIMS—NOTICE—STATUTES—CONSTRUCTION.**

Village Law (Laws 1897, p. 453, c. 414), § 322, providing that no action shall be maintained against a village for a negligent injury to person or property unless a claim therefor is filed with the clerk, applies only to actions for damages for injury to person or property sustained by reason of any negligence of a village or its officers, and has no application to a suit for relief from a nuisance.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1562.]

Appeal from Special Term, Sullivan County.

Action by Joshua R. Gerow against the village of Liberty. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

D. S. Hill, for appellant.

T. F. Bush, for respondent.

CHESTER, J.  The action is one brought for damages caused by an alleged nuisance, and to restrain the continuance thereof. The plaintiff keeps a large boarding house, in which he resides, in the town of Liberty. The village of Liberty, the defendant, has erected its sewage-disposal works about 975 feet distant from the plaintiff's residence and boarding house. The plaintiff alleges that these works cast off a penetrating, offensive, noxious, unhealthy, and sickening odor, destructive of the health of the plaintiff, his family, and guests, and that he has thereby suffered loss and damage. The jury, in response to certain questions submitted to them by the court, have found that the sewage-disposal plant was a nuisance to the plaintiff and his premises, as maintained by the defendant prior to August 21, 1901, which was the date of the commencement of the action, and also that such plant has been maintained as a nuisance to the plaintiff and his premises since that date; that the rental value of the plaintiff's property has been depreciated from September 1, 1900, which was the date of the installation of the works, to the time of the commencement of the action, in the sum of $400; and that such rental value has been depreciated since the action was commenced, and down to the date of the trial, in the sum of $600. The court adopted the verdict of the jury in its decision, and awarded an injunction restraining the defendant from continuing the nuisance, and awarded him the damages found by the jury. From the judgment entered upon such decision, this appeal is taken.

The verdict and decision that the sewage-disposal works maintained by the defendant constituted a nuisance to the plaintiff and to his premises is amply sustained by the evidence. The action being in equity, it was entirely competent for the court to receive evidence of the damages which had accrued down to the time of the

trial, and the objections of the defendant to testimony relating to damages subsequent to the commencement of the action were therefore properly overruled by the court. Kilbourne v. Supervisors, 137 N. Y. 170, at page 178, 33 N. E. 159, at page 161.

There was no error in the court's refusal to charge the jury, at the defendant's request, "that the plaintiff cannot recover for any physical discomfort, annoyance, or inconvenience arising from alleged odors, nor can he recover for any alleged sickness suffered by himself, his family, or his guests," for the plaintiff had given no evidence showing any damages arising from these causes. The evidence relating thereto was competent, and had been properly received, on the question of the existence of the nuisance; but, as the plaintiff had not sought to recover any damages because of these matters, the denial of the request was correct. The court had told the jury that the plaintiff asks for a judgment against the defendant "for the difference between the rental value of his property prior to the erection and maintenance of the disposal works and its value after that was erected." The case was submitted to the jury upon that theory, and that was the correct measure of damages. Francis v. Schoellkopf, 53 N. Y. 152.

The contention of the appellant, that the plaintiff was not entitled to recover because of his failure to file with the village clerk, within six months after the cause of action accrued, a verified statement of the nature of his claim, as required by section 322 of the village law (Laws 1897, p. 453, c. 414), has no merit, for the reason that that section applies only to actions for damages for a personal injury and an injury to property alleged to have been sustained by reason of the negligence of the village, or of any officer, agent, or employé thereof. This was not such an action, and the section has no application to a suit on the equity side of the court for relief from an alleged nuisance. Sammons v. City of Gloversville, 175 N. Y. 346, 67 N. E. 622.

We fail to discover any error on the trial requiring a reversal. The judgment should be affirmed, with costs. All concur.