(109 App. Div. 424.)

LAMAY v. CITY OF FULTON.

(Supreme Court, Appellate Division, Fourth Department. November 22, 1905.)

1. MUNICIPAL CORPORATIONS—STREETS—CHANGE OF GRADE—INJURY TO PROPERTY OWNERS—REMEDIES.

Fulton City Charter, Laws 1902, p. 166, c. 63, § 63, subd. 3, requiring a person having a claim for damages arising from the change of grade of a street, to present to the board of public works a verified claim therefor within 60 days after the change of grade is completed, and providing for an application to the Supreme Court for the appointment of commissioners to determine the compensation to which the claimant is entitled, in case no agreement is reached upon the amount of damages to be awarded him, is inapplicable where the damage complained of is a continuing nuisance, consisting of the discharge of water and filth, which recurs whenever there are heavy rains; but in such case the claimant may, notwithstanding the statute, maintain an action in equity as for the abatement of a nuisance.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1562.]

2. SAME—ACTIONS AGAINST CITY—CONDITIONS PRECEDENT—PRESENTATION OF CLAIMS.

Fulton City Charter, Laws 1902, p. 219, c. 63, § 230, providing that no action to enforce any claim or demand against a city shall be brought until 30 days have elapsed after the claim has been presented for audit, is without application where the claim is of such a nature that it cannot be presented at all, as in case of a continuing nuisance, recurring at uncertain intervals, caused by the change of grade of a street.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, § 1562.]

Appeal from Trial Term, Oswego County.

Action by George Lamay against the city of Fulton. From an interlocutory judgment overruling a demurrer to the complaint (96 N. Y. Supp. 701), plaintiff appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and NASH, JJ.

Sheldon B. Mead, for appellant.

James A. Warner, for respondent.

SPRING, J. This action is in equity to abate a nuisance. The claim of the plaintiff is that the defendant, in changing the grade of its streets, "negligently and improperly" filled up the natural channels and the ditches, diverting the water from its usual course, and as a result thereof the accumulating water, whenever there were heavy rains, was discharged on the premises of the plaintiff, accompanied with "mud, filth, rubbish," etc.. The ground of the demurrer to the complaint was that it failed to state a cause of action. The particular objection urged was the failure to allege a compliance with the provisions of the charter of the defendant hereafter referred to. The nuisance is a continuous one, recurring whenever there is high water, and the damages could not be ascertained when the action was commenced. The chief relief sought is to restrain the discharge of water and filth allowed to collect through the negligence of the defendant, and the past damages are a mere incident to the principal cause of action.

We think the charter (Subdivision 3, § 63, c. 63, p. 166, Laws of 1902) of the city of Fulton is not applicable. The subdivision mentioned provided that a person having a claim for damages arising from the change of grade of a street "must present to the board of public works a verified claim therefor within 60 days after such change of grade is completed." In the event of a failure to agree with the owner upon the amount of the damages to be awarded him, he may "within thirty days after the presentation of the claim * * * apply to the Supreme Court for the appointment of three commissioners to determine the compensation to which he is entitled." That subdivision refers to damages computable in a fixed sum of money. The claim of the plaintiff did not mature within 60 days after the change of grade. The floods which caused the damage occurred at intervals, and in all probability will continue from time to time. The method of determining damages, therefore, by commissioners appointed by the court, set out in the statute, does not relate to the case of a continuing nuisance. That practice applies where a "verified claim" has been presented and no agreement has been made within 30 days after its presentation. If the cause of action has not ripened within the 60-day statute of limitation, the claim cannot be presented as required by the statute. The deposit of filth and water may be immeasurably greater a year after the completion of the change of grade than within the 60-day period, or there may be no invasion at all until after the lapse of that time. Accordingly an action in equity will arise to prevent the repeated invasion of the plaintiff's premises.

Section 230 of the defendant's charter (Laws 1902, p. 219, c. 63) provides that no action to enforce any "claim, debt or demand against the city shall be brought" until 30 days have elapsed after the claim has been presented for audit. If the claim is of such a nature that it cannot be presented at all, of course, the section does not apply. The

remedy by the charter does not preclude a person from maintaining an action to prevent further damages to his premises where the injury is continuous. We think the case is governed by Sammons v. City of Gloversville, 175 N. Y. 346, 67 N. E. 622, and Ahrens v. City of Rochester, 97 App. Div. 480, 90 N. Y. Supp. 744, and kindred cases. The interlocutory judgment should be affirmed, with costs.

Interlocutory judgment affirmed, with costs, with leave to the defendant to plead over, upon paying the costs and disbursements of this appeal and the costs of the demurrer. All concur.