THOMAS MURCOTT and Others, Copartners, Transacting Business under the Firm Name and Style of MURCOTT & CAMPBELL, Appellants, Respondents, *v.* THE CITY OF NEW YORK, Respondent, Appellant.

Second Department, December 29, 1917.

**Judgment — recovery of damages for injuries caused by sewer — subsequent suit in equity to enjoin maintenance of sewer — municipal corporations — city of New York — when notice of intention to sue not necessary.**

Where it was determined in an action at law, brought by landowners against a municipality, that the plaintiffs were entitled to substantial damages caused by a sewer illegally constructed or maintained, the judgment establishes the right of the plaintiffs to restrain the maintenance of the sewer system by a subsequent suit in equity.

In order to entitle the plaintiffs to maintain a suit for injunctive relief, or for damages, against the city of New York for the maintenance of the sewer it is not necessary to serve the defendant with notice of an intention to sue pursuant to section 261 of the city charter.

CROSS-APPEALS by the plaintiffs, Thomas Murcott and others, and by the defendant, The City of New York, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Kings on the 29th day of December, 1916, upon the decision of the court after a trial at the Kings County Special Term.

Plaintiffs appeal from the judgment in so far as it limits their recovery to the sum of $2,000. The defendant appeals from such judgment in so far as it awards any damages whatever to the plaintiffs.

*Joseph M. Gazzam,* for the plaintiffs.

*George A. Green* [*Lamar Hardy,* Corporation Counsel, and *Thomas F. Magner* with him on the brief], for the defendant.

THOMAS, J.:

In a suit to restrain the maintenance of a sewer system it appeared that it had been determined in an earlier action at law between the same parties that as regards the plaintiffs' property, and to the substantial damage thereof, the system was illegally constructed or maintained. The status so established by judgment continuing authorized the plaintiffs to seek its abatement in a suit in equity, which would, indeed, have been in the first instance a proper remedy. In such suit the damages caused by the overflow of the sewers at several times into plaintiffs' property are incidental to the main relief, and it was not necessary for the purposes of the injunctive relief or the recovery of such damages to present to defendant claims or notice of intention to sue, or to commence the action pursuant to section 261 of the Greater New York charter, as amended by chapter 452 of the Laws of 1912. (*Sammons* v. *City of Gloversville,* 175 N. Y. 346; *Lamay* v. *City of Fulton,* 109 App. Div. 424; *Penfield* v. *City of New York,* 115 id. 502; *Ahrens* v. *City of Rochester,* 97 id. 480; *Flaxman* v. *City of New York,* 178 id. 935.) It is also considered

that the plaintiffs were damaged by the overflow on January 7, 1915, but the ascertainment thereof should be remitted to the trial court, also the claims for damages at earlier periods may be examined. It is suggested that there should be a judgment for an injunction with suspension thereof for a time deemed necessary for the completion of the new sewer system. (*Sammons* v. *City of Gloversville,* 175 N. Y. 346.)

The judgment so far as it awards plaintiffs damages for the overflow of August 4, 1915, is affirmed. The plaintiffs should have the costs of this appeal.

Present — JENKS, P. J., THOMAS, STAPLETON, RICH and BLACKMAR, JJ.

Judgment so far as it awards damages to plaintiffs for the overflow of August 4, 1915, unanimously affirmed, with costs of this appeal to plaintiffs.