LENA ALOTTO, Formerly LENA RUSSO, and JOSEPH P. RUSSO, Both Individually and as Limited Administrators, etc., of FRANK RUSSO, Deceased, Appellants, v. THE CITY OF CORNING, Respondent.— Order so far as it relates to the second alleged cause of action reversed on the law and motion as to it denied and order otherwise affirmed, without costs of this appeal to either party. Memorandum:

We conclude that our ruling in *Alotto* v. *City of Corning* (257 App. Div. 1028) supports the order of the Special Term and the judgment entered thereupon in so far as they provide for the dismissal of the first and third causes of action alleged in the complaint. We are of the opinion, however, that the second cause of action as pleaded by plaintiffs is sufficient. It alleges a continuing or recurring invasion, to the date of the complaint, of plaintiffs' property rights resulting from sewer facilities which are inadequate to make proper disposal of excess rain and waste water and noxious matters. A court of equity will take cognizance of such a cause of action to restrain the further continuance of the condition of which plaintiffs complain and will retain jurisdiction thereof for the purpose of determining past damages, if any, which are an incident thereto. (*Lamay* v. *City of Fulton*, 109 App. Div. 424, 425, 426; *Sammons* v. *City of Gloversville*, 175 N. Y. 346, 349–351; *Ahrens* v. *City of Rochester*, 97 App. Div. 480, 483; *Squaw Island Freight & Tr. Co., Inc.*, v. *City of Buffalo*, 133 Misc. 64.) All concur. (The order dismisses the complaint in an action to recover damages to realty resulting from change of grade of a public street.) Present — Sears, P. J., Lewis, Cunningham, Taylor and Dowling, JJ.