JOHN REINING et al., Appellants, *v.* THE CITY OF BUFFALO, Impleaded, etc., Respondent.

The provision of the charter of the city of Buffalo (§ 7, tit. 3, chap. 519, Laws of 1870), declaring that "no action or proceeding to recover or enforce any claim against the city shall be brought until the expiration of forty days after the claim shall have been presented to the common council," attaches as a condition precedent to the commencement of any action against the city.

It is, therefore, necessary to allege in the complaint, in an action against the city for a tort, the presentation of the claim, and the expiration of forty days thereafter before the commencement of the action.

The legislature has power to attach such a condition to the maintenance of a common-law action as well as to one created by statute.

*Nagel* v. *City of Buffalo* (34 Hun, 1), overruled.

(Argued April 13, 1886; decided April 27, 1886.)

APPEAL from judgment of the General Term of the City Court of Buffalo, in favor of defendants, entered upon an order made January 5, 1884, which sustained a demurrer to plaintiff's complaint and dismissed the complaint.

This action was brought to recover damages alleged to have been sustained by plaintiffs by the unlawful erection of an embankment in a street in the city of Buffalo.

The defendant, the said city, demurred to the complaint, that as to it, the complaint did not state facts sufficient to constitute a cause of action.

*David F. Day* for appellants. The plaintiffs' cause of action is given by the principles of the common law, and was perfect and complete when the injury to their property was done. (Laws of 1870, chap. 519, tit. 3, § 7.; *Nagel* v. *City of Buffalo*, 34 Hun, 1; *Taylor* v. *Mayor, etc., of New York*, 82 N. Y. 10; *Cowden* v. *Pease*, 10 Wend. 334; *Cowden* v. *Stanton*, 12 id. 120; *Comm.* v. *Hart*, 11 Cush. 130; *Comm.* v. *Jennings*, 121 Mass. 47; *Hart* v. *Kleis*, 8 Johns. 41; *Teel* v. *Fonda*, 4 id. 304; *Bennett* v. *Hurd*, 3 id. 438.) The improper joinder of parties as defendants is not a ground of demurrer. (Code, § 488; *Brownson* v. *Gifford*, 8 How. Pr. 389–392.)

*William F. Worthington* for respondent. This action cannot be maintained without a presentation of the claim to the city in the manner specifically pointed out by the charter, and performance of this condition precedent must be alleged in the complaint, and this whether the action is founded on contract or tort, and if the complaint contains no such averment, it is bad on demurrer. (*McCann* v. *Sierra Co.*, 7 Cal. 121; *Alden* v. *Alameda Co.*, 43 id. 270; *Stackpole* v. *School District*, 9 Ore. 508; *State* v. *Lancaster Co. Bk.*, 8 Neb. 218; *State* v. *Stout*, 7 id. 105; *Jones* v. *Minneapolis*, 31 Minn. 230; *Bevlier* v. *Pine Valley*, 53 Wis. 527; *Susenguth* v. *Town of Rantoul*, 48 id. 334; *Plum* v. *Fond du Lac*, 51 id. 393; *McFarlane* v. *Milwaukee*, id. 691; *State* v. *Supervisors*, 34 id. 170; *Maddox* v. *Randolph Co.*, 65 Ga. 216; *Marshall Co.* v. *Jackson Co.*, 36 Ala. 613.) Statutes of limitations are not founded on any presumption of payment. They simply give the defendant the right to be shielded by them if he so elects, and thus deprive the plaintiff of a cause of action. (*Green* v. *Rivett*, 7 Mod. 12; *Battle* v. *Faulkner*, 3 Barn. & Ald. 292; 7 Wait's Actions and Defenses, 223; 1 Wait's Pr. 48.) The statute of limitations can only be taken advantage of by answer. (Code of Civ. Pro., § 413; Code of Pro., § 74.) Whenever a demand is necessary it must be alleged in the complaint. (2 Wait's Pr. 390; 1 Saunders

on Pl. and Ev. 319 ; *Fisher* v. *Mayor, etc., of New York,* 67 N. Y. 73.) Wherever a demand is necessary before a right to sue accrues, the statute of limitations commences to run from the time when the demand might first have been made. (Code of Civ. Pro., § 410 ; *Minick* v. *Troy,* 83 N. Y. 516 ; *Porter* v. *Kingsbury,* 71 id. 588.; *Ellison* v. *Halleck,* 6 Cal. 386 ; 46 Conn. 56 ; 128 Mass. 318, 387, 521 ; 129 id. 525 ; 130 id. 115, 161, 398, 402 ; 46 Vt. 771 ; 53 id. 370, 510, 600 ; 54 id. 172, 242, 510 ; 73 Me. 485 ; 68 id. 511 ; 50 Iowa, 439.) Every fact which the plaintiff must prove to enable him to recover must be distinctly averred. (*Allen* v. *Patterson,* 7 N. Y. 478 ; *Bailey* v. *Ryder,* 10 id. 370 ; *Knox* v. *Mayor, etc.,* 55 Barb. 404.)

RUGER, Ch. J. The sole question presented by this appeal is, whether the complaint, in an action against the city of Buffalo, should contain an allegation of the previous presentation of the claim declared on to its common council, and that forty days had expired since such presentation. The clause of the city charter requiring such a proceeding reads as follows : " No action to recover or enforce any claim against the city shall be brought until the expiration of forty days after the claim shall have been presented to the common council in the manner and form provided." (§ 7, tit. 3, chap. 519, Laws of 1870.)

The inquiry is whether this provision was intended to operate as a condition precedent to the commencement of an action, or simply to furnish a defense to the city in case of an omission to make such demand. We think the plain language of the statute excludes any doubt on the subject.

It absolutely forbids the prosecution of any action until the proper demand has been made. It attaches to all actions whatsoever, and by force of the statute becomes an essential part of the cause of action, to be alleged and proved as any other material fact. It does not purport to give the city a defense dependent upon an election to use it, but expressly forbids the institution of any suit until the preliminary requirements have been complied with. The plain intent of the requirement was

to protect the city from the costs, trouble and annoyance of legal proceedings, unless, after a full and fair opportunity to investigate and pay the claim, if deemed best, they declined to do so.

It is not in such a case necessary that the thing required should constitute one of the elements of a common-law action, for if the legislature have made even a step in their remedy a condition of its prosecution, it is essential not only that it should be taken, but that it should be affirmatively alleged and proved by the plaintiff. It is competent for them to attach a condition to the maintenance of a common-law action as well as one created by statute, and, when they have done so, its averment and proof cannot safely be omitted. The court, in *Nagel* v. *City of Buffalo* (34 Hun, 1), in considering the statute in question, seemed to think its requirement was in the nature of a condition subsequent or proviso, having no necessary connection with the proper statement of a cause of action, but we think they erred in their conception of the nature of the provision. Neither its language or object, is analogous to those provisions authorizing the defense of the statute of limitations, or other special and particular defenses constituting conditions subsequent, which may or may not occur in particular cases, and must, therefore, be averred to authorize the court to take cognizance of them. Here the requirement exists, independent of proof, in every case and is made to precede the institution of any suit whatever. Its performance cannot for any purpose be presumed, but must, to be availed of be alleged and proved. The language is "that no action" "shall be brought" until, etc., and constitutes an express prohibition against the action, until performance of the condition. A non-compliance with this requirement can be raised by the defendant, at any stage of the action, when it is called upon to act in the case.

The general rules of pleading applying to such cases are elementary and hardly need citations to illustrate them.

It was said by Judge DENIO in *Howland* v. *Edmonds* (24 N. Y. 307): "If the defendant's liability depends upon the

performance of a condition precedent, it is very plain that no action will lie until it be performed, and a request or demand of the thing claimed may and frequently does constitute such a condition to the obligation of the defendant. When that is the case, such demand before suit brought must be averred and proved to enable the plaintiff to maintain the action." The rule is also illustrated by the decision in *Graham* v. *Scripture* (26 How. 501), where in an action upon a judgment, which was prohibited by statute, except upon leave of the court first had, it was held that the allegation of such leave must be averred and proved by the plaintiff. It was held in *Taylor* v. *Mayor, etc.* (83 N. Y. 625), that a similar provision in the charter of New York constituted a condition to the maintenance of an action against the city, although in that case it was also held that it did not in terms apply to the use of a claim by way of set-off, or recoupment in an action brought by the city against the claimant. The case of *Porter* v. *Kingsbury* is analogous to the case in hand. There suit was brought upon an undertaking on appeal which the statute directs shall " not be maintained " until ten days after service of notice of the entry of judgment of affirmance upon the appellant. It was held that performance of the requirement was a condition precedent and must be alleged in the complaint. (§ 1309, Code of Civ. Pro.; *Porter* v. *Kingsbury*, 5 Hun, 597; affirmed, 71 N. Y. 588.) There the act required to be performed constituted no part of the cause of action, but was provided, as in this case, to shield the parties liable, from cost and trouble in case of their willingness to pay the claim without suit, after notice given. It is immaterial whether a condition be imposed in the statute giving a right of action, or be provided by contract, or exists by force of some principle of common or statute law, the complaint must, by the settled rules of pleading, state every fact essential to the cause of action as well as those necessary to give the court jurisdiction to entertain the particular proceeding.

The dicta in *Minick* v. *Troy* (83 N. Y. 514, 516) with reference to a similar requirement, that it was necessary for the plaintiff to " show in the first instance that the claim for which the

action was brought was presented to the comptroller," accords with these views, and is further supported by the case of *Fisher* v. *Mayor, etc.* (67 N. Y. 73), where the liability arose under the statute authorizing the city to acquire lands by right of eminent domain. The act there provided for compensation by the city, and authorized suit to be brought therefor upon an award, and "after application first made to the mayor," etc., "for payment." It was held that this requirement constituted a condition precedent to the maintenance of an action. The liability to pay in that case existed by force of the Constitution, and the statute only regulated the method by which the amount was to be determined, and the mode of enforcing payment thereof. The case does not in principle seem to be distinguishable from that under discussion.

We are also referred to a number of decisions in the courts of our sister States upon statutes quite similar to that of the Buffalo charter, in which the want of an allegation of presentation and demand has been held demurrable. (*Jones* v. *Minneapolis*, 31 Minn. 230; *Benware* v. *Pine Valley*, 53 Wis. 527; *Maddox* v. *Randolph Co.*, 65 Ga. 216; *Marshall Co.* v. *Jackson Co.*, 36 Ala. 613.) We agree with the conclusions reached in those cases.

The judgment appealed from should be affirmed.

All concur.

Judgment affirmed.