Titus, J.
The plaintiff seeks to recover for services performed for the city, defendant, in abating a nuisance under direction of the common council, amounting to $200. The claim was properly made out and presented to the common council as provided by section I, title 3, of the city charter. The council rejected the claim, and refused to make any provision for its payment.
This action is brought by the plaintiff, the assignee of McConnell, who performed the work, for the neglect and re-refusal of the defendant to provide a fund for the payment of the claim.
The trial court nón-suited the plaintiff on the ground that no claim based upon the negligence of the defendant in not providing a fund for the payment of the work, had been presented to the common council as required by the charter.' Since the appeal in this case was taken, the general term of the supreme court, in the fifth department, in the case of Smith v. City of Buffalo (8 N. Y. State Rep., 319), has passed upon the precise question raised here, adversely to the claim of the defendant, on a state of facts differing in no important particular, as far as the question now considered is concerned, holding that the provisions of the charter were complied with when the claim was presented for audit.
It seems to me that the holding in that case is a correct exposition of the law. I can see no reason for a further presentation of the claim to the council or why it should be necessary to notify the defendant, that in case of failure to make provision for the payment of just claims, an action will be brought to compel the performance of the duty. The reason for requiring the claimant in the first instance to present his itemized account before he can bring suit, is *82 to furnish the city an opportunity to thoroughly investigate the claim and make provision for its payment, without the hazard of a law suit, and the payment of unnecessary costs.
The case of Reining v. The City of Buffalo, reported in 102 N. Y., 308, cited by the defendant in his brief, establishes no different rule, but as far as it goes is in harmony with it. In that case the complaint did not allege that the claim declared on had previously been presented to the common council in the manner provided by the charter before the commencement of the action. The court held in substance that the provision of the charter-Which provides "that no action or proceeding to recover or enforce a claim against the city shall be brought until the expiration of forty days after the claim shall have been presented to the common council, is a condition precedent to the commencement of any action against the city. Such has always been the rule followed by this court, and it is a just and proper one, but I do not understand, nor has a case been referred to that any court has held that a second presentation of the claim is necessary before an action of this character can be maintained.
No reason has been given, and none suggests itself, why it is necessary.
The order of the trial judge granting anon-suit should be reversed and a new trial ordered, with costs to abide the event of the action.
Hatch, J., concurs; Beckwith, O. J., not sitting.