(107 App. Div. 584.)

SCHLEICHER et al. v. CITY OF MT. VERNON.

(Supreme Court, Appellate Division, Second Department.   October 6, 1905.)

1. MUNICIPAL CORPORATIONS—OBSTRUCTION OF STREETS—MEASURE OF DAMAGES.

When a city negligently obstructed the street leading to a manufacturing plant, so that the manufacturer could not bring in the raw material or ship the finished product without carrying the same a considerable distance to wagons, the measure of damages, on the liability of the city being established, is the increase in the cost of cartage charges; and the fact that the manufacturer took high-priced mechanics from their employment in the plant and used them in carrying materials, thus decreasing the output of the plant, does not render the city liable for damages resulting from the decreased output.

2. SAME—CLAIMS FOR DAMAGES—PRESENTATION TO COUNCIL—NECESSITY—CHARTER PROVISIONS.

Mt. Vernon City Charter, Laws 1892, p. 387, c. 182, § 164, providing that all claims against the city for injuries to property claimed to have been caused by defects in streets shall be presented to the council in writing

within three months after the injury, or the same shall be barred, bars a claim for damages to a manufacturer occasioned by the city negligently obstructing the streets leading to his factory, when the claim matured in 1892 and was presented in 1894.

[Ed. Note.—For cases in point, see vol. 36, Cent. Dig. Municipal Corporations, §§ 1562, 1696, 2193.]

Appeal from Judgment on Report of Referee.

Action by Andrew J. Schleicher and others against the city of Mt. Vernon. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, RICH and MILLER, JJ.

Roger M. Sherman, for appellant.
Odell D. Tompkins, for respondents.

WOODWARD, J.   The plaintiffs, who were engaged in the manufacture of pianos in the city of Mt. Vernon in the years 1891 and 1892, bring this action to recover damages for injuries alleged to have been done to their premises and business by reason of the alleged negligence of the city in the construction of a sewer in the streets adjacent to their premises.   The action was tried before a referee, who has directed judgment in favor of the plaintiffs for the sum of $4,441.23; this sum being made up of alleged losses sustained by the plaintiffs because they had failed to manufacture and sell the number of pianos which it is claimed they might have manufactured and sold, except for the alleged negligence of the defendant in obstructing the highways leading to the plaintiffs' factory.   It is not claimed that the factory itself was injured by the alleged negligence of the defendant.   The damages resulted, not from any interference with the building or machinery of the factory, but from obstructing the highway, so that the plaintiffs could not bring in the raw materials or ship the manufactured product without carrying the same a considerable distance to the wagons; and it is claimed that this interference with the means of access to the factory reduced the output from six pianos a week, at an average profit of $50, to two pianos per week, and the damages are computed upon this basis.   It seems clear to us that this is an erroneous measure of damages; that, if there is any liability on the part of the city of Mt. Vernon, it cannot extend beyond a fair compensation for the additional cost of manufacture and distribution, conducted in a reasonably economical manner.

The fact that the plaintiffs may have taken high-priced mechanics from their employment within the factory and made use of them in carrying materials, thus decreasing the output and adding unnecessarily to the damages, cannot charge the defendant with liability.   It was the duty of the plaintiffs, if the defendant was liable to them for any damages, to make those damages as small as could be reasonably done, and this required, not a reduction in the manufacturing capacity of the plant, but an increase in the cost of freight or cartage charges; and this is all that could be fairly collected in any event, for the factory had the same capacity that it ever had, and the only problem confronting the

plaintiffs was the means of getting in the raw materials and shipping the finished product. The defendant had not interfered with any other right of the plaintiffs, and it cannot be made liable for any other losses than such as it had occasioned.

But, as we regard this case, the question of the measure of damages is somewhat academic, for there is a complete bar to the action in the fact that the plaintiffs neither pleaded nor proved a compliance with the conditions precedent prescribed by the charter of the city of Mt. Vernon. Section 164, c. 182, p. 387, of the Laws of 1892, which constitutes a portion of the charter of the defendant, provides that:

"All claims against the city for injuries to the person or property claimed to have been caused or sustained by defects, want of repair or obstructions from snow or ice or other causes in the highways, streets, sidewalks or crosswalks of the city, shall be presented to the common council in writing within three months after the said injury is received. * * * The omission to present said claim as aforesaid within three months shall be a bar to any claim or action therefor against the city."

This claim matured, if at all, in August, 1892, and the complaint alleges that:

"Plaintiffs have heretofore, and on or about the 3d day of July, 1894, duly presented their claim for the sum of six thousand ($6,000) dollars damages to the defendant, and to the common council and proper officers and authorities thereof, and the said defendant, its said common council, officers, and authorities, have neglected to make an adjustment or payment therefor, although two months have elapsed since the presentation of said claim."

The authorities in this state have uniformly held that provisions of this character in a municipal charter constituted conditions precedent; that it "absolutely forbids the prosecution of any action until the proper demand has been made. It attaches to all actions whatsoever, and by force of the statute becomes an essential part of the cause of action, to be alleged and proved as any other material fact. It does not purport to give the city a defense dependent upon an election to use it, but expressly forbids the institution of any suit until the preliminary requirements have been complied with." Reining v. City of Buffalo, 102 N. Y. 308, 310, 6 N. E. 792, cited and followed by a line of authorities not necessary to be here repeated. The plaintiffs neglected for nearly two years after their cause of action, if they ever had one, had accrued, before presenting the claim, and at the time of such presentation there was a complete bar, not only to the claim, but to any cause of action, and this question was raised by defendant's motion to dismiss at the end of plaintiffs' case. The motion should have been granted.

The judgment appealed from should be reversed, with costs. All concur.