## LYONS v. CITY OF SYRACUSE.

(Supreme Court, Appellate Division, Fourth Department. November 14, 1906.)

MUNICIPAL CORPORATIONS—SALARIES OF OFFICERS—PRESENTATION OF CLAIM.

Under Laws 1902, p. 4, c. 4, providing that no recovery shall be had for services of an official of a city of the second class rendered prior to 1902 till the claim has been presented to and passed on by the board of estimate and apportionment, a nonsuit should be granted in an action on such a claim, in the absence of evidence of its being so presented and passed on.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 36, Municipal Corporations, § 2193.]

Appeal from Onondago County Court.

Action by Patrick H. Lyons against the city of Syracuse. From a judgment of the County Court reversing a judgment of the Municipal Court of the City of Syracuse for plaintiff, and directing a new trial in said Municipal Court, plaintiff appeals. Affirmed.

The action was commenced in the Municipal Court of the City of Syracuse on the 31st day of December, 1902, to recover an alleged balance of salary claimed to be due and owing to the plaintiff as general inspector of sewers and bridges of the defendant for the months of November and December in the years 1900 and 1901. In the complaint it was only alleged that the defendant was and is a municipal corporation; that the plaintiff on or about April 7, 1900, had been duly and regularly appointed to the office of general inspector of sewers and bridges of said city, and continued to hold said office until the 1st day of January, 1902; that during the years 1900 and 1901 the sum of $900 had been duly appropriated and collected by the city for the payment of plaintiff's salary; that there remained unpaid of such salary $55 for the month of November, 1900, $75 for the month of December, 1900, $62.50 for the month of November, 1901, and $75 for the month of December, 1901, making in all $267.50, for which sum with interest judgment was demanded, with costs. The answer interposed by the defendant admitted that it was and is a municipal corporation, and denied each of the other allegations of the complaint.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

E. W. Cregg, for appellant.
James G. Tracy, for respondent.

McLENNAN, P. J.   The only question of fact litigated in the Municipal Court was whether or not the plaintiff was laid off or discharged in November, 1900, and also in November, 1901.   It is practically conceded that the defendant had the right and power to so lay off or discharge, if it saw fit.   So that, as suggested, the only issue tried was:   Did the defendant discharge the plaintiff from its employ?   We cannot assent to the proposition that the evidence was of such a character as to justify the County Court in setting aside the verdict of the Municipal Court because contrary to or against the weight of the evidence.   Murtagh v. Dempsey, 85 App. Div. 204, 83 N. Y. Supp. 296.

We, however, deem it unnecessary to discuss the evidence bearing pro and con upon the sole question of fact litigated, because we are of the opinion that the judgment of the Municipal Court must be reversed, and a new trial granted, for another reason, about which there is no controversy upon the evidence.   Chapter 4, p. 4, of the Laws of 1902, provides:

"No claim shall be paid and no action at law commenced or recovery had, for unpaid salaries, fees or emoluments for the services of any city official, subordinate or employee in any city of the second class, rendered prior to January 1st, 1902, until the claim therefor shall have been first presented to and passed upon by the board of estimate and apportionment of said city.   And no proceeding shall be instituted against said city, or against the board of estimate thereof, on account of such services, salaries, fees or emoluments, so rendered prior to January 1st, 1902, unless the same shall be commenced or instituted within two months after the passage of this act."

No proof was made or attempted to be made by the plaintiff that his claim had been presented to and passed upon by the board of estimate and apportionment of said city prior to the commencement of the action.   At the close of plaintiff's case, also at the close of the whole evidence, a nonsuit was asked for by the defendant, upon the express ground that no proof had been made that such claim had been so presented.   We think the refusal to nonsuit constituted reversible error.   Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792; Olmstead v. Town of Pound Ridge, 71 Hun, 25, 24 N. Y. Supp. 615; Curry v. City of Buffalo, 135 N. Y. 366, 32 N. E. 80.

It is unnecessary to determine upon this appeal whether or not the balance of the act is constitutional and valid.   We think the authorities above cited amply establish the proposition that the presentation for audit of a claim like the one in question is a prerequisite to maintaining an action to enforce the same, and nothing could be added to the reasoning of the cases why such rule should be adhered to.

We conclude that, upon the evidence appearing in the record before us, defendant's motion for a nonsuit should have been granted, and that the denial of such motion by the Municipal Court prevents reversible error.   For the reasons suggested, we must affirm the judgment of the County Court, with costs.

Judgment affirmed, with costs.   All concur.