(82 Misc. Rep. 482.)

### SHARROW v. INLAND LINES, Limited, et al.

(Supreme Court, Special Term, Erie County.   November 14, 1913.)

DEATH (§ 51*)—WRONGFUL DEATH—RIGHT OF ACTION—LIMITATION—PLEADING —COMPLAINT.

>     The Death Act authorizes an action for a wrongful death within two years after decedent's death. *Held*, that the provision requiring the action to be commenced within two years was a substantive part of a new right created by statute for a limited period following decedent's death, and complaint failing to show that an action was commenced within that period failed to state a cause of action.

>     [Ed. Note.—For other cases, see Death, Cent. Dig. § 68;  Dec. Dig. § 51.*]

Action by Frank Sharrow, as administrator of the estate of James Farrell, deceased, against the Inland Lines, Limited, and the Stadacona Steamship Company.   On demurrer to complaint.   Sustained.

Hamilton Ward, of Buffalo (I. W. Cole, of Buffalo, of counsel), for plaintiff.

Brown, Ely & Richards, of Buffalo, for defendants.

WOODWARD, J.   The complaint in this action alleges that James Farrell, plaintiff's intestate, was employed by the defendants as a stevedore in the city of Buffalo on the 10th day of May, 1911, and that while so employed he sustained injuries, due to the negligence of the defendants, which resulted in his death on the 14th day of May of the same year.   It alleges the necessary proceedings for the appointment of an administrator, etc., and sets out the provisions of sections 1902 and 1903 of the Code of Civil Procedure, alleges compliance with the conditions precedent of the Employers' Liability Act, and demands judgment in the sum of $25,000.   The defendants demur to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.

The summons in the action is dated on the 24th day of September, 1913, and it is conceded on the part of the plaintiff that the action was not commenced within two years after the decedent's death, but it is urged in support of the complaint that the limitation found in the statute is merely a statute of limitations, and that the defendants may not raise the question upon demurrer, but must do so by answer.   The defendant, on the other hand, contends that as the complaint, with the summons, shows upon its face that the action was not commenced within two years, the cause of action is at an end, and that the question is properly raised by demurrer.   We should be reluctant to hold that we could look to the summons to determine that the complaint showed upon its face that the action was not commenced until after the two years had expired from the death of plaintiff's intestate, but we have reached the conclusion that the complaint does, in fact, show upon its face that it "does not state facts sufficient to constitute a cause of action," because it fails to show that it is brought within the two

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

years provided in the statute, and this, we believe, is a condition precedent to the right to recover. The statute provides:

"The executor or administrator of a decedent, who has left him or her surviving, a husband, wife, or next of kin, may maintain an action to recover damages for a wrongful act, neglect or default, by which decedent's death was caused, against a natural person who, or a corporation which, would have been liable to an action in favor of the decedent, by reason thereof, if death had not ensued. Such action must be commenced within two years after the decedent's death."

This provision is in no sense a statute of limitations; it is a part of the substantive law of the state. It is a provision that for a period of two years a cause of action having no existence at common law may be asserted against one who would have been liable to the decedent if he had lived, not for this cause of action, but for the common-law action for damages for personal injuries. The statute does not profess to revive the cause of action belonging to the decedent for his injuries in favor of the executor or administrator. The compensation for the bodily injuries remains extinct; but a new grievance of a distinct nature, namely, the deprivation suffered by the wife and children, or other relatives, of their natural support and protection, arises upon his death, and is made by the statute the subject of a new cause of action in favor of his surviving relatives, but to be prosecuted in point of form by the executor or administrator. Whitford v. Panama R. Co., 23 N. Y. 465; Weber v. Third Avenue R. Co., 12 App. Div. 512, 523, 42 N. Y. Supp. 789, and authorities there cited. This being a new cause of action, given by statute for a limited period following the death of the decedent, it became necessary to the statement of a good cause of action that the complaint should show upon its face that the action was commenced within the time limited. In Hill v. Supervisors, 119 N. Y. 344, 23 N. E. 921, an action was brought to recover compensation of the defendants for the destruction of plaintiff's property, in consequence of a mob or riot. The court says:

"As the only authority for maintaining such an action is contained in a special law, passed by the Legislature in 1855, * * * and the objection was taken and is now insisted upon that it was not commenced within the time limited therefor by the act, it is unnecessary to consider other questions, if that objection is sound. By the fifth section of the act it is provided that 'no action shall be maintained, under the provisions of this act, unless the same shall be brought within' a period of 'three months after the loss or injury.' * * * It must be evident that, as this action is brought under a special law and is maintainable solely by its authority, the limitation of time is so incorporated with the remedy given as to make it an integral part of it and the condition precedent to the maintenance of the action at all."

This case has never been overruled or questioned. In the late case of Ackerman v. Ackerman, 200 N. Y. 72, 81, 93 N. E. 192, 196, cited by plaintiff as having overruled the doctrine contended for by the defendant, the court says:

"Undoubtedly a limitation of time may be the essence of and qualify a right of action so that it does not exist independently of the limitation"—and cites Hill v. Supervisors, 119 N. Y. 344, 23 N. E. 921; The Harrisburg, 119 U. S. 199, 7 Sup. Ct. 140, 30 L. Ed. 358; Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792.

The cause of action being limited to two years, expiring absolutely with the end of the period, it becomes necessary for the pleader to show affirmatively that the period of two years has not elapsed. Reining v. City of Buffalo, 102 N. Y. 308, 6 N. E. 792. The plaintiff pleaded the statute—set it out in detail—but did not aver that the period fixed by the statute as a part of the cause of action had not expired, and for this reason we are persuaded that the complaint fails to state facts sufficient to constitute a cause of action, and that the demurrer is properly interposed.

The demurrer is sustained, with costs, with leave to serve amended complaint within 20 days.