ANTONIO CORICO, Plaintiff, v. FRANK SULLIVAN SMITH, as Receiver of the P. S. & N. R. R. Co., Defendant.

(Supreme Court, Allegany Special Term, November, 1916.)

Workmen's Compensation Law — negligence — interstate railroad — when award to injured employee under State Workmen's Compensation Law bar to action under federal statute — Federal Employers' Liability Act.

An interstate employee of an interstate railroad company injured through its negligence. is restricted to the remedies afforded by the Federal Employers' Liability Act.

Where such an employee is injured without negligence of the railroad his remedy is under the State Workmen's Compensation Law.

An award made to said employee under the State Workmen's Compensation Law is a bar to an action under the federal statute to recover for the same injuries.

DEMURRER by plaintiff to defendant's answer.

James O. Sebring for plaintiff.

Dawson D. Dickson for defendant.

BROWN, J. Plaintiff seeks to recover damages for injuries received while in defendant's employ engaged in interstate commerce, occasioned by the defendant's negligence under the Federal Employers' Liability Act. Defendant's answer alleges the affirmative defense that the plaintiff, pursuant to the provisions

of the Workmen's Compensation Law, made application to the state workmen's compensation commission for compensation for the same injuries set forth in the complaint; that an award of $1,750.30 was duly and properly made by such commission to the plaintiff, as provided in said act; that the defendant is ready and willing to pay said award to the plaintiff, and that said award and the proceedings upon which it is based are a bar to this action. To this answer the plaintiff demurs upon the ground that it is insufficient in law upon the face thereof.

Upon the argument of the demurrer plaintiff asserted that, plaintiff's cause of action being based upon the charge of defendant's negligence, the Workmen's Compensation Law had no application; that the state workmen's compensation commission had no jurisdiction; that the Federal Employers' Liability Act was the paramount law prescribing plaintiff's rights.

There has been left no room for controversy over the hitherto disputed question whether state or federal law defined the remedy for injuries received for interstate employees of interstate railroads occasioned by negligence, by the Court of Appeals in *Matter of Winfield,* v. *N. Y. C. & H. R. R. R. Co.,* 216 N. Y. 284. It is there distinctly held that an interstate employee of an interstate railroad injured through the negligence of the railroad, when asking damages for his injuries, is restricted to the remedies afforded by the Federal Employers' Liability Act, and that the Workmen's Compensation Law of the state affords such an employee no relief. Congress having exclusive jurisdiction under the Federal Constitution of interstate commerce, and having provided by the Federal Employers' Liability Act precisely what remedies are afforded an

employee engaged in interstate commerce, the provisions of that act are exclusive and paramount to any legislation of the state upon the same subject. 'It is thus held that congress, having failed to provide any remedy for an interstate employee of an interstate railroad who is injured without the negligence of the railroad, the State Workmen's Compensation Law does apply to such an employee. It thus appears that if the plaintiff was injured through the negligence of defendant, as he alleges in his complaint, the state workmen's compensation commission had no jurisdiction to make the award, and the award would be no defense to plaintiff's cause of action. It also appears that if the plaintiff was injured, but not through the defendant's negligence, the state workmen's compensation commission did have jurisdiction to make the award, and that such act would be a complete defense to plaintiff's cause of action. The allegation of the answer is that the award was duly and properly made, and plaintiff by his demurrer admits the truth of such allegation. It could not have been duly and properly made unless the commission had jurisdiction to make it. The commission could not have properly made the award unless the plaintiff was injured without the negligence of the defendant. The conclusion seems irresistible that the commission must have determined that there was no negligence on the part of defendant that caused the plaintiff's injuries when it properly made the award. The fact of want of negligence on the part of defendant was a vital, essential prerequisite to the proper making of an award to the plaintiff. The holding must be that the nonexistence of negligence on the part of defendant has been adjudicated and passed upon by the commission and that it has been adjudged and established that there was no negligence on the part of the defendant

29

that produced plaintiff's injuries. The only method whereby plaintiff could have been properly awarded any compensation for his injuries by the state workmen's compensation commission was to make his application therefor as provided in the Workmen's Compensation Law. He thus selected his tribunal, had his hearing, was a participant in the proceedings, had due and timely notice of and was a party to the adjudication. Such an adjudication is a bar to this action. *Miller* v. *New York R. Co.*, 171 App. Div. 316.

The demurrer of the plaintiff challenges the sufficiency of the answer; the sufficiency of the answer depends upon the sufficiency of the complaint. It is believed that the complaint does not state a cause of action under the Federal Employers' Liability Act. That act provides: " That no action shall be maintained under this act unless commenced within two years from the day the cause of action accrued." There is no allegation in the complaint stating that the action was commenced within two years. The Federal Employers' Liability Act creates a cause of action that was unknown to the common law; the right to prosecute such new cause of action is dependent upon its being brought within two years. It is a part of the cause of action to prove that it was prosecuted within two years; it is a condition precedent and cannot be proved unless alleged. *Rening* v. *City of Buffalo*, 102 N. Y. 308; *Winter* v. *Niagara Falls*, 190 id. 198; *Sharrow* v. *Inland Lines*, 82 Misc. Rep. 482; *Lyons* v. *Syracuse*, 115 App. Div. 733. The demurrer must be overruled, with costs.

Demurrer overruled, with costs.