THE PEOPLE OF THE STATE OF NEW YORK ex rel. JAMES A. DELEHANTY, and JAMES A. DELEHANTY, Respondent, v. JOHN F. McINTYRE, Appellant.

First Department, August 16, 1917.

Pleading — action in behalf of the People on the relation of individual — allegation that relator has furnished security to indemnify People necessary — when leave to serve amended complaint should be granted.

Where an action in behalf of the People is brought by the Attorney-General on the relation of a person having an interest in the question under the provisions of section 1986 of the Code of Civil Procedure the defendant is entitled to judgment on the pleadings unless the complaint alleges that the Attorney-General has required the relator to give satisfactory security to indemnify the People against the costs and expenses of the action and that such security has been given.

But, although the complaint is defective in this respect where motion for judgment on the pleadings was not made until the eve of trial, the plaintiff should be given leave to serve an amended complaint without prejudice to proceedings already had, or to the position of the case upon the calendar, if in fact security has actually been furnished.

PAGE, J., dissented, with opinion.

APPEAL by the defendant, John F. McIntyre, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York denying his motion for judgment on the pleadings.

*Herbert R. Limburg, John G. Saxe* and *James A. Foley,* for the appellant.

*Leonard J. Obermeier, Deputy Attorney-General, Albert S. Bard* and *Henry A. Wise,* for the respondent.

DOWLING, J.:

This action is brought pursuant to the provisions of title 1 of chapter 16 of the Code of Civil Procedure (§§ 1948–1990, inclusive). The action is purely statutory and, therefore, the provisions of the statute must be strictly followed, and plaintiffs must bring themselves within the scope thereof and show compliance with all the requirements laid down by the statute as essential to the bringing and maintenance thereof.

Section 1986 of the Code of Civil Procedure provides that " Where an action is brought by the Attorney-General, as prescribed in this title, on the relation or information of a person, having an interest in the question, the complaint must allege, and the title of the action must show, that the action is brought upon the relation of that person. In such a case, the Attorney-General must, as a condition of bringing the action, require the relator to give satisfactory security to indemnify the People, against the costs and expenses thereof. Where security is so given, the Attorney-General is entitled to compensation for his services, to be paid by the relator, in like manner as the attorney and counsel for a private person."

The third sentence of this act has been held to be unconstitutional. (See *People ex rel. Gould* v. *Mutual Union Telegraph Co.,* 2 McCarty Civ. Proc. Rep. 295.) So that the second sentence requires the giving of a bond of indemnity to the People against the costs and expenses of the action, and no more.

In this case the plaintiffs failed to allege that the Attorney-General has required the relator to give the security therein referred to. As I view it, this provision being mandatory and the sole power of the Attorney-General to bring or maintain the action being based upon the statute, it is a condition precedent to the bringing thereof that the Attorney-General should not only require the bond to be given, but

that the plaintiffs should show that he has so done and that the bond has been furnished.

The present section is based on section 434 of the Code of Procedure, which contained the substance of the quoted first sentence only and made no provision for the giving of security to the Attorney-General.

By chapter 824 of the Laws of 1866 and chapter 781 of the Laws of 1867, section 434 of the Code of Procedure was amended so as to read: " In every such case the Attorney-General *may* require, as a condition for bringing such action, that satisfactory security shall be given to indemnify the People of the (this) State against the costs and expenses to be incurred thereby."

I deem the change in language in the present Code which substituted the word " *must* " for " *may,*" to be significant and not to have been lightly or inadvertently made. If it is a condition precedent to the bringing of this action that the security should have been furnished, then it seems to me that the complaint should show that the security has been furnished without which the action cannot be maintained. I think that the rule laid down in *Reining* v. *City of Buffalo* (102 N. Y. 308) is applicable here. In that case the city charter of Buffalo provided that no action to recover or enforce any claim against the city should be brought until the expiration of forty days after the claim should have been presented to the common council in manner and form provided. The court held that it was a condition precedent to the commencement of an action, which attached to all actions whatsoever and by force of the statute became an essential part of the cause of action to be alleged and proved as any other material fact. The court said: " It is not in such a case necessary that the thing required should constitute one of the elements of a common-law action, for if the Legislature have made even a step in their remedy a condition of its prosecution, it is essential not only that it should be taken, but that it should be affirmatively alleged and proved by the plaintiff. It is competent for them to attach a condition to the maintenance of a common-law action as well as one created by statute, and when they have done so, its averment and proof cannot safely be omitted. * * *

Here the requirement exists, independent of proof, in every case and is made to precede the institution of any suit whatever. Its performance cannot for any purpose be presumed, but must, to be availed of, be alleged and proved." (See, also, *Winter* v. *City of Niagara Falls,* 190 N. Y. 198.)

While it is quite true that one purpose of the insertion of this requirement for security is to indemnify the People of the State and to relieve them from any expense in the prosecution of actions of this character, and while it may seem that it makes but little difference to the defendant as to whether the security is given or not, as the People of the State are responsible to him for his costs if he is successful, still another purpose of this requirement is to discourage individual relators from seeking to have litigation initiated by the People, unless they are prepared to bear the expense thereof.

In any event, whatever the ultimate purpose or effect of giving this security may be, the Legislature, as it seems to me, has made it a condition precedent to the bringing of such an action that the security should be furnished; and that being so, I think the complaint must allege that the requirements of the statute had been complied with.

I am, therefore, of the opinion that the order appealed from should be reversed, with costs, and the motion for judgment on the pleadings granted; but inasmuch as it appears that the security has actually been furnished, and as the motion was not made until the eve of the trial, the plaintiffs should have leave to serve an amended complaint without prejudice to the proceedings already had therein, or to the position of the case upon the calendar.

CLARKE, P. J., LAUGHLIN and SHEARN, JJ., concurred; PAGE, J., dissented.

PAGE, J. (dissenting):

The respondent contends that the complaint fails to state a cause of action for the reason it is not affirmatively alleged that prior to commencing the action the Attorney-General had required the relator to give security to indemnify the People against costs and expenses as required by section 1986 of the Code of Civil Procedure. If this requirement of the

Code is to be construed as a condition precedent to the maintenance of the action, under well-settled rules, it would be necessary for the complaint to allege the performance of the condition. But as I read the statute, this is not a condition precedent to the maintenance of the action, but a duty imposed on the Attorney-General before he shall act. It is to be presumed that the Attorney-General has done his duty and it is not necessary for him to allege in the complaint that he has done so. The security is not for the benefit of the respondent but for the protection of the People of the State.

A similar provision was in the Revised Statutes (1 R. S. 180, §§ 10, 11; 1 R. S. [6th ed.] 538, §§ 10, 11, published in 1875) in relation to actions in ejectment brought upon the consent of the Attorney-General. Section 1986 of the Code of Civil Procedure was enacted in 1880. It has never been the practice to allege in the complaint the giving of the security, nor have I been able to find in this or any other State having a similar statute a case holding it to be necessary to do so.

In my opinion the order should be affirmed.

Order reversed, with costs, and motion granted, with leave to plaintiff to amend as stated in opinion. Order to be settled on notice.