George A. Rice, Appellant, v. City of Mechanicville, Respondent.

Third Department, February 28, 1921.

**Municipal corporations — accrual of cause of action against city of Mechanicville — liability denied unless notice of claim served within thirty days — action accrues when notice served.**

Under the provision of the charter of the city of Mechanicville (section 116 of chapter 170 of the Laws of 1915) that the city " shall not be liable for any damages or injury sustained in consequence of defects," etc., in its streets, " unless notice in writing shall have been served upon the mayor or acting mayor within thirty days after the happening of the casualty," a cause of action does not accrue against said city within the meaning of said charter till the notice so prescribed is served.

Accordingly, since this action was commenced within six months, the time limited by said charter, after the service of the notice, the plaintiff's demurrer to the defense of the Statute of Limitations should have been sustained.

Appeal by the plaintiff, George A. Rice, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Saratoga on the 13th day of December, 1919, overruling plaintiff's demurrer to the affirmative defense set forth in the answer.

*Robert Frazier*, for the appellant.

*Edward C. McGinity*, for the respondent.

Woodward, J.:

The complaint alleges facts to constitute a cause of action for negligence on the part of the defendant in the maintenance of its highways, resulting in personal injuries to the plaintiff. The defendant asserted as a defense the provisions of chapter 170 of the Laws of 1915, the charter of the defendant city, which provides in section 116 that " no action shall be commenced against said city on any duly presented claim until after the expiration of thirty days from the presentation thereof; nor shall any such action be maintained against said city which shall not have been commenced within six months after the cause of action accrued," and that the action was not

commenced until the 12th day of October, 1918, more than six months after the happening of the accident on the 14th day of March, 1918. The plaintiff demurred to this defense as insufficient in law, and the demurrer has been overruled. The question presented upon this appeal is whether the six months' limitation began at the time of the happening of the accident on the 14th day of March, or at some later date. We are clearly of the opinion that the court has erred in overruling the demurrer.

The accident out of which this action grows occurred on the 14th day of March, 1918. On the 13th day of April, 1918, the plaintiff caused to be served the notice required by section 116 of chapter 170 of the Laws of 1915, being the charter of the defendant city. This was within thirty days after the happening of the " casualty," which is a condition precedent to the cause of action. (*Reining* v. *City of Buffalo;* 102 N. Y. 308; *Curry* v. *City of Buffalo,* 135 id. 366, 369, 370; *Winter* v. *City of Niagara Falls,* 190 id. 198, 203; *Carson* v. *Village of Dresden,* 202 id. 414, 418.) The section cited provides that the " city of Mechanicville shall not be liable for any damages or injury sustained in consequence of defects," etc., in its streets, " unless notice in writing shall have been served upon the mayor or acting mayor within thirty days after the happening of the casualty," etc. Obviously, no cause of action accrued by the mere happening of the accident. The whole matter of the maintenance of this class of actions was within the control of the Legislature. It could refuse a right of action, and it could impose any conditions precedent to the maintenance of such actions. (*Curry* v. *City of Buffalo, supra.*) In this case it has refused a right of action unless the plaintiff, within thirty days, serves a notice in accord with the requirements of the statute. During the thirty days, or up to the time of the serving of the prescribed notice, no right of action existed against the city of Mechanicville. When, on the 13th day of April, 1918, the plaintiff served the required notice; when he elected to fulfill the condition precedent (*Curry* v. *City of Buffalo, supra,* 370, and authorities there cited) the right of action accrued, and not before. The statute absolutely forbids the prosecution of any action until the proper notice has been served. It attaches to all actions whatsoever com-

ing within the specifications of the statute, and by force of the enactment this notice becomes an essential part of the cause of action, to be alleged and proved as any other material fact. It does not purport to give the city a defense dependent upon its election to use it, but expressly forbids the institution of any suit until the preliminary requirements have been complied with. (*Reining* v. *City of Buffalo, supra,* 310.) A fact which must be alleged and proved as a part of the cause of action must, of necessity, constitute an essential element of the cause of action, and it did not accrue until the plaintiff, within the time limited by the statute, had executed and served the notice prescribed.

If we are right in these propositions, then on the 13th day of April, 1918, a cause of action accrued to the plaintiff, but the defendant's charter further provided that " no action shall be commenced against said city on any duly presented claim until after the expiration of thirty days from the presentation thereof, nor shall any such action be maintained against said city which shall not have been commenced within six months after the cause of action accrued." Under the authorities already cited it is necessary to aver and prove that the action was not commenced until after the expiration of thirty days from the presentation of the notice, for the " plain intent of the requirement was to protect the city from the costs, trouble and annoyance of legal proceedings, unless after a full and fair opportunity to investigate and pay the claim, if deemed best, they declined to do so." (*Reining* v. *City of Buffalo, supra.*) This, it would seem, prevented the accruing of this particular cause of action until the lapse of thirty days from the 13th day of April, 1918, for it could not have been alleged that the necessary time had elapsed until after such thirty days, and this was essential to the statement of any cause of action against the defendant.

It is not necessary, however, in this case to go to that extent. Taking our stand at the date of the service of the first notice, concededly served on time, on the 13th day of April, 1918, and assuming the cause of action to have accrued on that date, we compute six months under the rule laid down in section 30 of the General Construction Law, and the six months' limitation expired on the 13th day of October, 1918. The

action was actually commenced on the twelfth day of October, and was clearly within the time limited by the statute. In either case, therefore, the action was commenced " within six months after the cause of action accrued," and the judgment appealed from must be reversed.

All concur.

Judgment reversed, with costs, and demurrer sustained, with costs.