LILLIAN BOWERS, Respondent, *v.* VILLAGE OF SOUTH GLENS FALLS, Appellant.

Third Department, October 31, 1940.

*Walter A. Chambers* [*Walter A. Chambers* and *William F. Chambers* of counsel], for the appellant.

*Delon F. Mousaw* [*J. Clarence Herlihy* of counsel], for the respondent.

FOSTER, J. On the evening of June 6, 1939, plaintiff tripped and fell over a section of flagstone which projected several inches above the ground on First street in the village of South Glens Falls. For injuries sustained as a result of this fall she has recovered a judgment upon the verdict of a jury. Defendant appeals from this judgment and the order denying a motion to dismiss the complaint.

The main point at issue is whether plaintiff's conceded failure to file a written statement of her claim within thirty days after her cause accrued requires a dismissal of the complaint. Section 341 of the Village Law provides in part: " No action shall be maintained against the village for damages for a personal injury or an injury to property alleged to have been sustained by reason of the negligence of the village or of any officer, agent or employee thereof, * * * nor unless a written verified statement of the nature of the claim and of the time and place at which such injury is alleged to have been received shall have been filed with the

village clerk within thirty days after the cause of action shall have accrued * * *." Plaintiff neither pleaded nor proved compliance with this statute. A notice was not filed with the village clerk until July 29, 1939, more than thirty days after the accident.

Her complaint contains two alleged causes of action. The gravamen of the first cause is clearly that of negligence. For her second cause she repeats and realleges all of the allegations contained in the first, and, in addition, alleges that the street where the obstruction existed was negligently constructed and allowed to remain in a dangerous condition so as to constitute a public nuisance. On the trial her first cause of action was dismissed, apparently for failure to properly file a notice of claim. The second cause of action was sent to the jury on the theory that it was an action in nuisance, and that section 341 of the Village Law did not apply to an action of that character.

A distinction between nuisance and negligence in personal injury cases is no longer finely drawn. Thus, where the danger is a continuing one, though dependent on negligence, whether the complaint is framed in nuisance or negligence is of little moment. (*Khoury* v. *County of Saratoga*, 267 N. Y. 385.) It is true that a condition of danger, created by the existence of a projection in a public street is a nuisance, but it also has within it the element of negligence. The person injured in such a case may be at liberty to give to his complaint either one label or the other, but the choice of such a label is not the test of liability. (*McFarlane* v. *City of Niagara Falls*, 247 N. Y. 340.) If an obstruction in a public street is dangerous, it is of no material consequence whether the danger be said to result from the maintenance of a nuisance, or from the negligent omission to provide a reasonably safe street. (*Koehler* v. *City of New York*, 262 N. Y. 74.)

In the light of these principles, which emphasize substance rather than form, we think the plaintiff cannot escape the consequence of her failure to file the statement required by law upon the theory that her injuries were the result of nuisance and not of negligence. The element of negligence cannot be separated from the element of nuisance on the facts in this case. If the projection of flagstone created an unsafe condition, even though left for a valid purpose originally, it was negligence on the part of the village authorities to permit it to so remain. The term nuisance, as applied to this situation, merely means continued negligence. This negligence is the very foundation of plaintiff's pleading and her proof, and to label the condition a nuisance does not change the fundamental characteristics of her claim and place it beyond the purview of the statute. (*Collyer* v. *Village of Ossining*, 248 App. Div. 913; *Adonnino* v. *Village of Mount Morris*, 171 Misc. 383.)

The case of *Gerow* v. *Village of Liberty* (106 App. Div. 357) is not an authority to the contrary. There the action was in equity, the main purpose of which was to abate a nuisance arising from a malodorous invasion of plaintiff's premises. Obviously the requirements of the statute do not apply to a case of multiple trespasses. The case is different where there is a personal injury resulting from one accident under the circumstances proven here. The intent and purpose of the statute in such a case is to seasonably provide the municipality involved with an opportunity to investigate the circumstances of the claim. Compliance therewith was a condition precedent to the maintenance of plaintiff's action, and her failure in that regard requires a dismissal of the complaint.

The judgment and order appealed from should be reversed and the complaint dismissed, with costs.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Judgment and order appealed from reversed and complaint dismissed, with costs.