Camieal Williams, Appellant, v. Horton Realties, Inc., Respondent.— In an action by a vendee to reform or rescind a written contract for the sale of real property and for other relief the amended complaint was dismissed on defendant's motion at the close of plaintiff's case. Plaintiff appeals from the judgment entered thereon. Judgment unanimously affirmed, with costs. The record clearly indicates that the plaintiff failed to prove the allegations of the amended complaint and therefore was not entitled to a reformation of the agreement or a rescission thereof. In view of this fact we do not pass upon the comment in the court's opinion regarding the limitations of equity in regard to the instant case. Present— Nolan, P.J., Adel, Wenzel, Schmidt and Murphy, JJ.

■

Michael Zihal, Appellant, v. Staten Island Rapid Transit Railway Co., Respondent.— This action to recover damages for personal injuries was brought more than three years after they were incurred by plaintiff. Plaintiff alleged that as he was leaving a train, his left leg, up to his hip, went into the space between the side of the train and the platform. He claimed that the occurrence was caused solely by reason of defendant's maintenance and operation of its railroad and station in a dangerous manner, in that the aforesaid space was so wide and unguarded as to constitute a menace to passengers. There was conflicting testimony as to the width of the space, and as to whether, at the time, passengers were told to watch their step, or were otherwise warned. At the close of the plaintiff's case the court granted defendant's motion to dismiss the complaint, on the ground that the action was barred by the three-year Statute of Limitations applicable to negligence actions. Plaintiff appeals from the judgment entered thereon, dismissing the complaint on the merits. Judgment unanimously affirmed, with costs. Assuming that the place where the accident occurred was being maintained and operated in a dangerous manner, as alleged, it is of no material consequence whether the danger is said to result from the maintenance of a nuisance or from the negligent omission to provide a reasonably safe place to alight. The term nuisance, as applied to such a situation, merely means continued negligence, and the three-year Statute of Limitations governing negligence actions applies. (*Bowers* v. *Village of South Glen Falls,* 260 App. Div. 439, affd. 286 N. Y. 616.) Present — Wenzel, Acting P. J., MacCrate, Schmidt, Beldock and Murphy, JJ.

■

Catherine Moran, Respondent, v. City of Yonkers, Appellant.— In an action to recover damages for personal injuries sustained as a result of a fall on a sidewalk, defendant appeals from an order granting plaintiff's motion, made pursuant to subdivision 6 of section 50-e of the General Municipal Law, for leave to serve a corrected or amended notice of claim and to amend the complaint. Order affirmed, with $10 costs and disbursements. No opinion. Nolan, P.J., Adel, Schmidt, Beldock and Murphy, JJ., concur.