MALCOLM CHRISTIAN, Respondent, *v.* VILLAGE OF HERKIMER, Appellant.

Fourth Department, December 20, 1957.

*Philip D. O'Donnell* for appellant.

*Phillip T. Young* and *Andrew J. Moore* for respondent.

VAUGHAN, J.  This appeal by defendant is taken from an order of the Special Term, Supreme Court, Herkimer County, denying defendant's motion to dismiss the complaint on the ground that the cause of action alleged did not accrue within the time limited by law for the commencement of an action.

On November 29, 1954, the plaintiff was injured in a sidewalk accident, causing him to fall.  As a result of the injuries he sustained, plaintiff was confined to the Herkimer Hospital from November 29, 1954 to January 19, 1955, and to the Veterans' Hospital at Syracuse from February 2, 1955 to February 28, 1955.  He also received further treatment at the Mount McGregor Rehabilitation Center until May 25, 1955.

Since the statutory period of 90 days provided by section 50-e of the General Municipal Law for the filing of a notice of claim expired on February 27, 1955, the plaintiff consulted an attorney on June 1, 1955 for the purpose of making an application for leave to serve a late notice of claim as provided in subdivision 5 of section 50-e.  On July 11, 1955, the plaintiff

executed an affidavit in support of this application, stating that he had been disabled by the accident until May 28, 1955 and therefore had been unable to make timely service of the notice of claim. The plaintiff's notice of motion was returnable on July 26, 1955. Three months later, on October 27, 1955, an order of the County Court, Herkimer County, granted plaintiff permission to serve his notice of claim on or before November 15, 1955. The notice was served on the same day, October 27, 1955. Pursuant to section 341 of the Village Law, plaintiff had the right to commence an action on the claim after the expiration of 30 days from the date on which the notice of claim was served, or on November 27, 1955.

On November 18, 1955, the defendant appealed from the order of the County Court. This court affirmed the order and on May 16, 1956, judgment of affirmance was entered in the Herkimer County Clerk's office. Thereafter, on June 12, 1956, the plaintiff served a second notice of claim, followed on July 19, 1956 by the service of a summons and complaint. The defendant served an answer on August 8, 1956, setting forth a general denial and raising the affirmative defense that the action was not commenced within the statutory period provided by section 341 of the Village Law.

In its opinion denying defendant's motion to dismiss the complaint, the Special Term held that the plaintiff's cause of action did not accrue until the late notice of claim was filed on October 27, 1955 and that the one-year limitation provided in section 341 did not begin to run until that time.

As noted above, the plaintiff served his notice of claim on October 27, 1955 and, at any time after the expiration of 30 days on November 26, 1955, he had the right to commence his action. Thus, under the limitation imposed by said section 341 he still could have commenced his action on November 27, 28 or 29, 1955. No action was in fact commenced until July 19, 1956, over 18 months after the accident occurred.

Section 341 of the Village Law is the controlling section with respect to this action and, as last amended (L. 1945, ch. 694) reads: " No action shall be maintained against the village for damages for a personal injury or an injury to property alleged to have been sustained by reason of the negligence of the village or of any officer, agent or employee thereof, unless the same shall be commenced *within one year after the cause of action therefor shall have accrued* nor unless a notice of claim shall have been made and served in compliance with section fifty-e of the general municipal law. An action on such a claim shall not be commenced until the expiration of thirty days after it

is presented." (Emphasis supplied.) The plaintiff contended, and the Special Term held, that the word " accrued " referred to the date upon which the late notice of claim was filed. The reasoning underlying this contention is essentially as follows: A cause of action may be said to accrue when the plaintiff has a right to commence an action, and the plaintiff cannot commence his action until the notice of claim is served since the notice is a condition precedent and compliance must be pleaded in the complaint.

In evaluating this position, it is helpful to compare the wording of section 341 as it existed before the 1945 amendment: " No action shall be maintained * * * unless the same shall be commenced within one year after the cause of action therefor shall have *accrued* nor unless a written verified statement of the nature of the claim * * * shall have been filed with the village clerk within thirty days after the cause of action shall have *accrued*." (Emphasis supplied.) (L. 1940, ch. 405.) The word " accrued " here is used with reference to both the 1-year and the 30-day limitation. If plaintiff's interpretation were applied so that the cause of action did not accrue until the notice was served, an anomalous situation would exist since the plaintiff is specifically given 30 days from the time of accrual to file his notice.

The 1945 amendment of section 341 removed that part of the section which dealt with service of the notice of claim and substituted a reference to section 50-e of the General Municipal Law. Section 50-e provides in part: " In any case founded upon tort where a notice of claim is required by law as a condition precedent to the commencement of an action * * * the notice shall comply with the provisions of this section and it shall be given within ninety days after the claim arises." The purpose of adding this section was to " unify and improve the requirements of a notice of claim against municipal or district corporations " (Ninth Annual Report of N. Y. Judicial Council, 1943, p. 50; Tenth Annual Report of N. Y. Judicial Council, 1944, p. 44). The section was *not* intended " to repeal the various Statutes of Limitations contained in State laws and municipal charters " (*Sullivan* v. *City of Watervliet,* 285 App. Div. 179, 181). *Buduson* v. *Curtis* (285 App. Div. 517) also referred to the unification of the time periods for notice of claim but pointed out that section 50-e had no effect upon the starting point from which to compute the time period.

It follows that section 50-e had no effect on the one-year limitation period for such tort claims and that therefore the use of the word " accrued " in section 341 of the Village Law

was not changed by the 1945 amendment. In *Karr* v. *Village of Alfred* (148 App. Div. 435) the court held that the accrual date of the cause of action was the date of the accident for purposes of both the service of the notice of claim and the commencement of the action. *Bowers* v. *Village of South Glens Falls* (260 App. Div. 439) and *Smith* v. *Trustees of Village of Clifton Springs* (233 N. Y. 591) also interpreted section 341's language as equating the accrual date with the date of the act or accident, causing the injury. (See, also, *Murphy* v. *Village of Fort Edward,* 213 N. Y. 397; *George C. Diehl, C. E., Inc.* v. *City of Lackawanna,* 233 App. Div. 348, affd. 258 N. Y. 579; *Fox* v. *Village of Fleischmanns,* 178 Misc. 454.)

Plaintiff's other principal contention is that the appeal by the defendant from the order permitting the late filing of the notice of claim acted as an automatic stay of all proceedings pursuant to sections 24, 571 and 573 of the Civil Practice Act. We find no merit in this position.

Since plaintiff has failed to commence his action within one year from the accrual of his cause of action, he has failed to comply with the requirements of section 341 of the Village Law.

The order appealed from should be reversed and the complaint dismissed.

McCURN, P. J. (dissenting). The pivotal question upon which our decision hinges, is when did the cause of action accrue within the purview of section 341 of the Village Law. Unless otherwise provided by statute, a cause of action accrues so as to start the running of the Statute of Limitations at the point when the plaintiff may institute and maintain the action and not before. (*Halsted* v. *Silberstein,* 196 N. Y. 1, 16; *Cary* v. *Koerner,* 200 N. Y. 253; *Jacobus* v. *Colgate,* 217 N. Y. 235, 241, 245; *Cameron Estates* v. *Deering,* 308 N. Y. 24, 30; see, also, 54 C. J. S., Limitations of Actions, § 109; Bouvier's Law Dictionary [Baldwin's Students ed.], p. 156; Black's Law Dictionary [4th ed.], p. 37.) Likewise, section 11 of the Civil Practice Act provides that the periods of limitation set forth therein must be computed from the time of the accruing of the right to relief by action, special proceeding, defense or otherwise.

The above common-law rule as to when a cause of action accrues was well established in 1945 when the Legislature enacted the present section 341 of the Village Law. The Legislature presumably was familiar with such common-law rule. Had it intended the one-year Statute of Limitations to run from the time of the happening of the accident or injury,

it would have expressly so stated as it did in section 244 of the Second Class Cities Law.

Rules of the common law are abrogated no further than the clear import of the language used in the statute absolutely requires. (*Transit Comm.* v. *Long Island R. R. Co.*, 253 N. Y. 345, 355; McKinney's Cons. Laws of N. Y., Book 1, Statutes, § 301.) There is no indication in the statute itself that the Legislature considered the words '' one year after the cause of action therefor shall have accrued'' as synonymous with, or meaning the same as '' one year after the time of the happening of the accident or injury ''.

The making and serving of the notice of claim prior to commencement of the action is something more than a mere procedural regulation. It is an essential part of the cause of action which must be alleged in the complaint and proven upon the trial. (*Reining* v. *City of Buffalo*, 102 N. Y. 308; *Winter* v. *City of Niagara Falls*, 190 N. Y. 198; *Murphy* v. *Village of Fort Edward*, 213 N. Y. 397.) It is not possible for the plaintiff to commence his action prior to his compliance with section 50-e of the General Municipal Law. Obviously, it is not possible for one to have a cause of action and at the same time not to have the right to sue. (See *Jacobus* v. *Colgate*, 217 N. Y. 235, 241, 245, *supra*.) '' The whole matter of the maintenance of this class of actions was within the control of the legislature. It could refuse a right of action against municipalities for such injuries, and it could impose any conditions precedent to the maintenance of such actions ''. (*Curry* v. *City of Buffalo*, 135 N. Y. 366, 370.) Since the statute in question here refuses the plaintiff the right to commence an action until 30 days after a claim is presented in compliance with section 50-e of the General Municipal Law, the one-year Statute of Limitations contained in section 341 of the Village Law begins to run at the time when he is first permitted to bring the action. (*Rice* v. *City of Mechanicville*, 195 App. Div. 268.)

I therefore dissent and vote for affirmance.

All concur, except McCurn, P. J., who dissents and votes for affirmance in a separate opinion. Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

Order reversed on the law, without costs of this appeal to either party and motion granted, without costs.